Mark Alvan METZGER, Jr., Appellant,

v.

HOUSTON POLICE DEPARTMENT, et al., Appellees.

No. C14–92–00090–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

Rehearing Denied Jan. 28, 1993.

L.T. Bradt, Houston, for appellant.

William J. Dellmore, III, Grace Loya, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

OPINION

JUNELL, Justice.

This is an appeal from the trial court's order denying expunction of all records and files relating to the arrest of Mark Alvan Metzger, Jr., appellant, following dismissal of a felony indictment against Metzger for the offense of sexual indecency with a child. We affirm.

After return of the indictment the trial court conducted a hearing to determine whether the three-year-old complaining witness was competent to testify. At the conclusion of that hearing the court ruled that the child was incompetent to testify. The

prosecutor then moved to dismiss the indictment. The only reason stated in the motion to dismiss was the trial court's ruling that the child was incompetent to testify.

In his petition for expunction of all records and files relating to his arrest appellant alleged entitlement to expunction under the provisions of TEX.CODE CRIM.PROC. ANN. art. 55.01. Under that article one thing that must be proved is that the indictment "was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating *absence of probable cause at the time of the dismissal* to believe the person committed the offense." (Emphasis added).

Prior to commencement of the expunction hearing in the court below the District Attorney filed a motion in limine, requesting that the court exclude any evidence pertaining only to the validity of the appellant's indictment, absent some preliminary showing that said evidence actually contributed to the prosecutor's decision to move for dismissal of the indictment. The motion in limine was granted by the court. The trial court judge ruled that if there was any indication that the indictment was dismissed for a reason other than that given by the prosecutor, he would permit appellant to go behind the stated reason given in the motion to dismiss and introduce evidence pertaining to the validity of the indictment.

### TESTIMONY OF ASSISTANT DISTRICT ATTORNEY MARIE MUNIER

Marie Munier was the assistant district attorney who presented the criminal charge against appellant to the grand jury. She also was in charge of the prosecution in the criminal trial court. She was the prosecutor at the hearing for determination of the competency of the three-year-old child witness, and she was the prosecutor who moved that the indictment be dismissed because of the court's ruling that the child was incompetent to testify.

Munier testified repeatedly that the only reason she moved that the indictment be dismissed was the court's ruling that the child was incompetent to testify. She stated that it was impossible to successfully prosecute appellant without the testimony of the child; that she did not move to dismiss because she believed presentment of the indictment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe the appellant committed the offense. She still believed at the time of the expunction hearing that there was probable cause to believe appellant committed the offense. She summarized at length the evidence presented to the grand jury and stated that it was more than adequate to support that belief. She also testified that she was unaware that any evidence presented to the grand jury had been altered or falsified and that she first learned of allegations to that effect during the expunction proceedings.

Following Munier's testimony appellant sought to call as witnesses several individuals who, according to appellant's proffer of evidence, would testify only to matters relating to the validity of the grand jury's conclusion that appellant was probably guilty. According to the proffer of evidence one witness would testify that Dr. Michael Cox testified falsely before the grand jury. Another witness would testify that the offense report of Sherry Turner of the Houston Police Department was in material part false. Still another witness would testify that the records of Depelchin Children's Center submitted to the grand jury were in fact forged. Appellant claims that all of the above constituted false information which caused presentment of the indictment.

Appellant made no proffer of any evidence to the effect that Assistant District Attorney Munier had any knowledge that any false information had been given to the grand jury. Appellant also made no offer to prove that the prosecutor moved to dismiss because the presentment had been made because of false information indicating absence of probable cause at the time of the dismissal to believe appellant committed the offense.

■ Appellant's first three points of error are related. In point one he contends that the trial court erred in refusing to permit appellant to show that the indictment against him was procured by false information, forged documents and perjured testimony presented to the grand jury that indicted him. In point two appellant claims the trial court erred in refusing to allow appellant to go behind the reasons stated in the motion to dismiss filed by the Harris County District Attorney in the felony case against appellant. In point three appellant asserts the trial court erred in failing to liberally construe the expunction statute to allow appellant to show that the indictment against him was procured through mistake, false information or similar reason indicating absence of probable cause to believe that appellant committed the offense.

All parties to this appeal rely to some extent on *State v. Sink*, 685 S.W.2d 403 (Tex.App.—Dallas 1985, no writ) to support their arguments in this case. Although the operative facts in *Sink* are identical to those in the instant case, the decision in *Sink* is not controlling here. In *Sink* the indictment for indecency with a child was dismissed after the trial court ruled that the three-year-old complaining witness was incompetent to testify, and the prosecutor's motion to dismiss was based entirely on the competency ruling. The Dallas Court of Appeals held in *Sink* that incompetency of a child witness to testify at trial did not constitute proof that presentment of the indictment had been made because of mistake, false information, or other similar reason indicating absence of probable cause to issue the indictment. The court pointed out that in his expunction case Sink relied solely on the prosecutor's motion to dismiss and the court's order of dismissal to establish the State's reason for dismissing the criminal case. *Id.* 405. In fact, both sides agreed that the reason for dismissal was incompetency of the complaining witness to testify at trial. Sink contended on appeal that because the child was found incompetent to testify at trial, the trial court could conclude that the child was also incompetent at the time she testi-

fied before the grand jury. Thus, Sink contended that because the presentment was based on presumably incompetent testimony, there was no probable cause at time of dismissal to believe Sink committed the offense charged.

The Dallas Court of Appeals, rejecting Sink's argument, stated that Sink's argument, in effect, was that the grand jury did not have sufficient evidence before it to present the bill of indictment, not that the grand jury had erroneous evidence before it that caused the presentment. *Id.* 405. The court then held that the validity of the indictment may not be attacked on the ground that it was not based upon sufficient evidence and reversed and rendered judgment that Sink was not entitled to expunction.

In the instant case appellees recognize that the trial court in an expunction proceeding may look beyond the reasons stated in the State's motion to dismiss to determine if the State's true reason for dismissing the case was because the indictment had been made because of mistake, false information, etc. The appellees in their brief state "the trial court should indeed consider any admissible evidence which is relevant to the issue of why the prosecutor dismissed the indictment." The appellees argue that the proffered evidence was not relevant to that issue, that appellant was unable to make the preliminary showing required by the court below, that said evidence had anything to do with the prosecutor's decision to move to dismiss. We agree with appellees. We hold that the proffered evidence constituted no evidence that the true reason for the prosecutor's motion to dismiss was anything other than the trial court's ruling on the competency of the child witness to testify at trial. We overrule appellant's first three points of error.

In his fourth point of error appellant contends the trial court erred in granting the Harris County District Attorney's motion in limine, thereby prohibiting appellant from showing that the indictment presented against him was procured through mistake, false information, or similar reason

indicating absence of probable cause to believe that appellant committed the offense.

■■■ The granting of a motion in limine is a preliminary ruling and will not, in and of itself, constitute reversible error. *Bifano v. Young*, 665 S.W.2d 536, 541 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.). The purpose of a motion in limine is to avoid the injection into the trial of matters which are irrelevant, inadmissible and prejudicial. *Id.* 541. The granting of the motion is not a final ruling on the admissibility of the evidence. *Id.* 541. In this case appellant was still required to offer the evidence and obtain a ruling on its admissibility. Appellant did that in making his proffer of evidence and we have considered the proffered evidence and held against appellant thereon.

In appellant's fifth point of error he contends the trial court erred in denying his motion for new trial. That motion was based on the same exclusion of evidence as the first three points of error. The motion for new trial was without merit. It should be noted, however, that the motion for new trial contains an assertion entirely unsupported by the record. The motion stated that appellant had been prevented by the trial court from testifying in his own behalf. The record of the hearing before the trial court does not reflect that appellant ever proffered his own testimony or called himself as a witness. The fifth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.