**Baxter W. BANOWSKY, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 07–93–0373–CV.

Court of Appeals of Texas, Amarillo.

April 28, 1994.

---

Figari & Davenport, Baxter W. Banowsky, Dallas, for appellant.

Gwinn & Roby, Gary D. Lykins and G. Bryan McDonald, Dallas, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Aggrieved by a take-nothing summary judgment rendered in his action against State Farm Mutual Automobile Insurance Company, Baxter W. Banowsky contends, by four points of error, that State Farm did not establish its right to summary judgment. By cross-point, State Farm maintains that Banowsky did not establish his right to the take-nothing summary judgment rendered on its counterclaim. Based upon the rationale expressed, we will affirm in part and reverse and remand in part.

The litigation underlying this appeal had its genesis in a collision in Dallas between Banowsky's vehicle and one driven by Warren H. Guy. On 1 September 1992, about 12:00 p.m., as Banowsky was crossing Forest Lane at its intersection with Abrams Road

on a green light, his vehicle was struck broadside by a vehicle driven by Guy, who ran a red light.

Guy was insured under an insurance policy issued by State Farm. Banowsky notified State Farm claims representative, Nicki Millan, of the particulars of the accident and the extensive damage to his car, a 1984 Mazda RX7 GSL–SE. He furnished invoices to Millan documenting improvements and modifications he had made to the car totalling $11,485.64.

When, on 23 September 1992, Banowsky still had not settled his claim with State Farm, he sent a letter to Guy stating his dissatisfaction with State Farm, and advising he would be seeking redress directly from him. He explained State Farm had balked at paying for all the improvements and modifications he had made to the car, and he felt he was entitled to the monies he had expended.

On 25 September 1992, Brian Trammell, a claims specialist, answered Banowsky's letter to Guy. Trammell reported that the independent appraisal company, The Like Appraisal Company, had inspected Banowsky's car and given State Farm an estimate of the actual cash value of the car. Based upon an appraisal of $6,000.00 and a repair estimate of $6,500.00, Trammell offered to settle the claim for $6,500.00 and let Banowsky retain the vehicle. He also made it clear that State Farm believed the loss to Banowsky was the actual cash value of the vehicle and not the money Banowsky claimed to have invested in improvements and modifications to the car.

In an affidavit and by letter, Banowsky documented a telephone conversation he had with Trammell on 7 October 1992, in which Banowsky offered to accept a check from State Farm in partial satisfaction of his claim against Guy. Banowsky asserted Trammell orally agreed to tender a check for $6,000.00, and represented that Banowsky needed only to sign a salvage retention agreement.

Upon arriving at Trammell's office to accept the check, Trammell refused to release the check unless Banowsky signed a complete release of the property claim. Banowsky refused and left without accepting the check. He demanded, by his 8 October 1992 letter to Trammell, that State Farm compensate him for his loss.

Trammell replied, advising State Farm's offer to settle was still open, noting two independent appraisals had been authorized, and reiterating State Farm had offered to settle based on the higher of those two appraisals. Trammell offered Banowsky $7,162.50 as total loss settlement, with State Farm retaining the vehicle, or $6,000.00, with Banowsky retaining the vehicle. Trammell explained that as a condition of delivering the check, State Farm expected Banowsky to sign a salvage retention agreement and a release of the property claim.

While neither party illuminates what occurred after this letter, Banowsky signed a release dated 12 October 1992, and accepted a check for $8,000.00. The release stated that for the consideration of $8,000.00, Banowsky released Guy,

> his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, ... from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known or unknown, both to person and property, which have resulted or may in the future develop from

the 1 September 1992 accident. The release further provided that the undersigned, Banowsky,

> hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

The release also recited that the undersigned "hereby accepts draft or drafts as final payment of the considerations set forth above."

Thereafter, on 1 February 1993, Banowsky filed the underlying action, alleging State

Farm's conduct constituted violations of article 21.21, Texas Insurance Code Annotated (Vernon 1981 & Supp.1994), and State Farm breached the oral contract between Banowsky and Trammell when the delivery of the check was subsequently conditioned upon the signing of a release of the property claim. State Farm answered, interposed affirmative defenses to Banowsky's causes of action, and counterclaimed for expenses and attorney's fees incurred in defending his lawsuit, which was asserted to be groundless and brought in bad faith and for the purpose of harassment in violation of rule 13 of Texas Rules of Civil Procedure, and section 9 of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp.1994).

State Farm filed a Motion to Dismiss and/or Motion for Summary Judgment, which was grounded on the release signed by Banowsky and attached to the combined motions as summary judgment evidence. Banowsky moved for summary judgment on State Farm's counterclaim on the ground that his suit was not groundless. Banowsky then filed his response to State Farm's motion for summary judgment and, at the same time, filed a motion to strike State Farm's summary judgment evidence, i.e., the release.

On 30 April 1993, presiding Judge Richard Johnson denied State Farm's motion for summary judgment and motion to dismiss. As it was later developed, apparently on the same day and unbeknownst to the parties, Judge Johnson granted Banowsky's motion to strike State Farm's summary judgment evidence.

Afterwards, on 19 May 1993, visiting Judge A. LeRue Dixon III granted State Farm's motion for summary judgment, and decreed that Banowsky take nothing on his causes of action. Judge Dixon also granted Banowsky's motion for summary judgment on State Farm's counterclaim, ordering the dismissal of State Farm's counterclaim and that State Farm take nothing by reason of its counterclaim.[1]

Utilizing four points of error, Banowsky appeals. He contends the trial court erred in granting State Farm's motion for summary judgment because (1) there was no evidence supporting the motion; (2) the release relied upon does not release State Farm; (3) State Farm did not file special exceptions to his second amended petition;[2] and (4) the trial court had already denied the motion.

■ With his fourth point, Banowsky contends Judge Dixon abused his discretion when he granted State Farm's summary judgment motion after Judge Johnson had denied it. The point is not well-taken. Once a summary judgment motion is denied, the judge who denied the motion, or the judge to whom the case is transferred, may change or modify the original order, since the denial is interlocutory and in no way final. *De Los Santos v. S.W. Texas Meth. Hosp.*, 802 S.W.2d 749, 756 (Tex.App.—San Antonio 1990, no writ); *R.I.O. Systems v. Union Carbide*, 780 S.W.2d 489, 492 (Tex.App.—Corpus Christi 1989, writ denied). Banowsky's fourth point of error is overruled.

Initially, Banowsky contends there was no evidence supporting State Farm's motion for summary judgment. We first notice, as Banowsky's secondary reason why there was no evidence, his reliance on Judge Johnson's order striking State Farm's summary judgment evidence which, as he notified Judge Dixon in connection with his motion for rehearing or new trial, was unknown to the parties at the time Judge Dixon granted State Farm's motion. Albeit conceding that an order striking State Farm's summary judgment evidence is not a part of the record on appeal, Banowsky has attached to his reply brief a copy of an unrecorded order

1. The court's order decreeing both a judgment of dismissal and a take-nothing judgment is incongruous. Since the court granted Banowsky's motion pleading a defense to the counterclaim, the proper judgment was a take-nothing judgment. *Rhodes v. McCarron*, 763 S.W.2d 518, 521 (Tex.App.—Amarillo 1988, writ denied).

2. Banowsky included this third point out of an abundance of caution in the event the judgment is actually one of dismissal in view of the style of State Farm's motion. An address of the point is pretermitted since the court's order granted the motion for summary judgment, not the motion for dismissal, and also because a resolution of the point is unnecessary to the final disposition of the appeal. Tex.R.App.P. 90(a).

dated 30 April 1993 with the stamped signature of Judge Johnson, which orders that the release attached to State Farm's motion is stricken and will not be considered by the court in ruling on the motion.

■ However, the order, not entered of record and only attached to Banowsky's brief as an exhibit, may not be considered. *Davis v. Huey*, 571 S.W.2d 859, 862 n. 2 (Tex.1978); *Mitchison v. Houston Ind. School Dist.*, 803 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1991, writ denied). To be effective, an order sustaining an objection to summary judgment evidence must be reduced to writing, signed, and entered of record. *Eads v. American Bank, N.A.*, 843 S.W.2d 208, 211 (Tex.App.—Waco 1992, no writ); *Utilities Pipeline v. American Petrofina*, 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ). Thus, Judge Johnson's unrecorded order did not bar Judge Dixon's consideration of the release as summary judgment evidence.

■ As his primary reason why there was no evidence supporting State Farm's summary judgment motion, Banowsky points out that the release attached to the motion was not acknowledged, self-authenticated, or accompanied by an affidavit. State Farm replies that the authenticity of the release has never been in dispute and Banowsky has not argued nor shown that the release was not properly executed by him.

In moving for summary judgment on the release, State Farm attached an alleged "true and correct copy" of the release to its unverified motion. Responding to the motion, Banowsky asserted that it should be denied because there was no summary judgment evidence, since State Farm had not filed any affidavits nor taken any depositions and, therefore, the release was not proper summary judgment evidence. We agree.

■ To constitute sufficient documentary evidence, the copy of the release attached to State Farm's motion for summary judgment must have been a sworn or certified copy, rule 166a, Texas Rules of Civil Procedure, or attached to a properly prepared affidavit. *Republic Nat. Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986). The defect in State Farm's summary judg-

ment proof was not waived by Banowsky since he excepted to the proof. *Cf. Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 380–81 (Tex.1978) (holding a defect in summary judgment proof which can be cured is waived by the failure to except to the motion for summary judgment). Nor was the defect cured by Banowsky's failure to question the authenticity of the release or his execution of it. State Farm was required to establish its entitlement to a summary judgment by proving the efficacy of the release, not by default on the part of Banowsky. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Banowsky's first point of error is sustained.

The sustainment of the first point requires a reversal of the take-nothing summary judgment rendered in favor of State Farm, and normally would make it unnecessary to address Banowsky's second point of error by which he contends the release did not release State Farm. Tex.R.App.P. 90(a). However, since the point likely will arise again in the event of further proceedings, it will be briefly addressed.

The release, recited earlier, does not name State Farm, and as we understand Banowsky's second-point argument, he contends that as a matter of law, it does not release State Farm from the causes of action he alleged, or that there is an unresolved fact issue whether it released State Farm. Replying, State Farm notes that Banowsky, a licensed attorney, continuously negotiated with it during the claims process, knew it was the insurer of Guy and the party making the payment, and signed the release knowing that it released all causes of action.

■ Under Texas law, a release fully discharges only those tortfeasors that it names or otherwise specifically identifies to the extent that a stranger could readily identify the released parties. The reference in a release to "all other persons, firms, or corporations liable, or who might be claimed to be liable," does not supply the descriptive particularity necessary to specifically identify an otherwise unnamed or unidentified tortfeasor. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419–20 (Tex.1984).

■ Given this law, the trial court erred by granting summary judgment on the

ground that the release discharged State Farm from liability to Banowsky as a matter of law. *Bowman v. Charter General Agency, Inc.*, 799 S.W.2d 377, 379–80 (Tex.App.—Corpus Christi 1990, writ denied). At most, the recorded circumstances leave unresolved the material fact issue whether the parties intended the release to discharge State Farm from all liability. To this extent, Banowsky's second point of error is sustained.

In resolving Banowsky's points of error, we have not overlooked State Farm's argument that the judgment was correct as a matter of law, because Banowsky did not meet the conditions precedent to recover directly against State Farm; his claims were derivative of his claims against Guy, the insured, and these claims were extinguished by the release; and he could not show any damages as a matter of law. However, State Farm did not expressly present these issues to the trial court as grounds for its entitlement to summary judgment and, on appeal, it may not sustain the judgment on these unpresented grounds. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983).

By its cross-point of error, State Farm charges the trial court erred in granting Banowsky's summary judgment motion on its counterclaim, because his suit was groundless and brought in bad faith, or groundless and brought for the purposes of harassment, in violation of rule 13, *supra*, and section 9 of the Texas Civil Practice and Remedies Code, *supra*. Since the cross-point is based on the theory that the release barred all causes of action against State Farm, which State Farm failed to establish and which remains an unresolved fact issue, the cross-point must fail. It is overruled.

Accordingly, that portion of the take-nothing summary judgment rendered on State Farm's counterclaim is affirmed, and the portion of the take-nothing summary judgment rendered on Banowsky's causes of action is reversed and those causes are remanded to the trial court.