**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellant,**

v.

**Clyde Edward HOPSON, Appellee.**

No. A14–93–00349–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1994.

Rehearing Denied Aug. 4, 1994.

William J. Delmore, Houston, for appellant.

R.P. Cornelius, Houston, for appellee.

Before MURPHY, ELLIS and JUNELL,** JJ.

### CORRECTED OPINION

ELLIS, Justice.

Appellee, Clyde Edward Hopson, filed a petition for expunction of certain criminal records pertaining to him, pursuant to TEX. CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1994). He requested that appellant, the Harris County District Attorney's Office, and other specified agencies be ordered to expunge their records of his arrest for the felony offense of sexual assault, which resulted in his indictment for that offense in Cause No. 552,673 of the 337th District Court, Harris County, Texas. After an evidentiary hearing, the trial court granted the petition and signed findings of fact and conclusions of law. We affirm.

The following evidence was adduced at the expunction hearing: The assistant district attorney in charge of prosecuting appellee for sexual assault testified that when she was assigned the case, it was already pending before the court. The indictment alleged that appellee, by the use of force or threat of force, compelled the complaining witness to engage in two sexual acts on December 31, 1989. The complainant was mentally retarded and lived in a home for the mentally impaired. The prosecutor testified that during an informal identification procedure conducted in and around the courtroom on the day of the scheduled trial, the complainant was unable to identify appellee as her assailant. According to the prosecutor, when the complainant arrived at the courtroom she was extremely nervous which, coupled with her mental condition, prompted the prosecutor to move to dismiss the indictment rather than proceed to trial. On the written motion to dismiss the indictment, the prosecutor checked off a blank designated "Insufficient evidence," and made a handwritten notation, "Complainant unable to positively ID defendant." The prosecutor testified that she did not dismiss the indictment because she believed false information was presented to the grand jury or that the grand jury was mis-

taken in finding probable cause. She also stated that at the time of dismissal she believed there was probable cause that appellee committed the offense.

The prosecutor then testified on cross-examination that there was no medical or scientific proof that the assault even occurred. The only identification evidence was statements from two other people that appellee drove the complaining witness and other residents of a home for the mentally impaired to church on the day of the alleged assault, in addition to appellee's own statement to police officers that he was the driver that day. Appellee also stated to police that the complainant did not want to get out of the vehicle at church, so he drove her around for awhile.

Counsel for appellee, who was his trial counsel as well, also testified at the expunction hearing. He stated that through his discovery for the sexual assault trial, he found that no witnesses testified at the grand jury hearing. He further testified that he knew from being a prosecutor for ten years prior to being defense counsel that when a case is presented to a grand jury without live witnesses, an assistant district attorney merely summarizes what he or she believes to be the evidence and the grand jury makes a decision from that summary. He testified that the summary is not recorded in any way and the grand jury is sworn to secrecy, unable to reveal what it was told by the assistant district attorney. He went on to explain that, as a result, he has no way to establish exactly what the grand jury heard in this case.

The prosecutor assigned to the expunction hearing stated that neither he nor the prosecutor who dismissed the indictment was the prosecutor who presented the case to the grand jury, thus, they had no idea what the grand jury was told.

The trial court found the following in his findings of fact:

> No witnesses testified before the Grand Jury and the case was presented merely from the prosecutor's file.
>
> [The prosecutor] moved to dismiss the indictment after the mentally retarded vic-

---

** Justice Junell sitting by designation of the Texas Supreme Court.

tim of the alleged offense was unable to identify [appellee] as the perpetrator of the alleged offense, after being allowed an opportunity to view [appellee] as he sat in the courtroom of the 337th District Court.

There was no medical or scientific evidence to prove that this [appellee] committed the alleged offense or that the alleged offense even occurred.

[Appellee's] felony indictment was dismissed because its presentment was the result of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe [appellee] committed the charged offense.

The trial court granted the petition for expunction.

Appellant asserts two points of error. First, the trial court erred in finding that appellee's indictment was dismissed because its presentment was the result of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe appellant committed the charged offense, in the absence of any evidence to support such a finding. Second, the evidence was insufficient to support the trial court's finding that appellee's indictment was dismissed because its presentment was the result of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe appellee committed the charged offense. The parties discuss the two points of error simultaneously in their briefs and we will do the same in our opinion.

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1994) provides in pertinent part:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(2) each of the following conditions exist:

(A) indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indict-

ment or information charging him with commission of a felony was presented, *it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;*

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

(Emphasis added).

The parties stipulate that paragraphs (B) and (C) have been met, but disagree over the emphasized portion in paragraph (A) above. A person is entitled to an expunction only when each of the statutory requirements have been met because the court has no equitable power to extend the clear meaning of the statute. *Harris County Dist. Atty's Office v. Burns,* 825 S.W.2d 198, 200 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Herron v. State,* 821 S.W.2d 329, 330 (Tex.App.—Dallas 1991, no writ); *Texas Department of Public Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ); *see also Harris County Dist. Atty's Office v. M.G.G.,* 866 S.W.2d 796, 798 (Tex.App.—Houston [14th Dist.] 1993, no writ). The petitioner in an expunction proceeding has the burden of proving that the statutory requirements are met. *M.G.G.,* 866 S.W.2d at 798. This means that the petitioner must show that there was no factual underpinning to the presentment and indictment. A showing that evidence against the petitioner was excluded based on procedural grounds is not the same as showing that the facts of the offense were incorrect. *Ex parte Kilberg,* 802 S.W.2d 17, 19 (Tex. App.—El Paso 1990, no writ). The expunction court may look at any admissible evi-

dence to determine the State's true reason for dismissal. *Metzger v. Houston Police Dept.*, 846 S.W.2d 383, 385 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ Appellant relies heavily on *State v. Sink*, 685 S.W.2d 403 (Tex.App.—Dallas 1985, no writ) and *Metzger*. In both of those cases, the expunction petitioner had been indicted for sexual indecency with a child. In both cases, the trial court ruled that the three-year old victims were incompetent to testify at trial, which prompted the prosecutors to dismiss the cases. Both petitioners alleged that because the presentment was based on presumably incompetent testimony, there was no probable cause at the time of dismissal to believe they committed the offenses charged. *Metzger*, 846 S.W.2d at 385; *Sink*, 685 S.W.2d at 405. The grand jury evidence was detailed at the expunction hearings and the expunction courts denied the petitions. Both appellate courts held that proof that the complaining witness was incompetent to testify at trial is not proof that the grand jury presented the indictment based on mistake, false information, or other similar reason indicating a lack of probable cause. *Metzger*, 846 S.W.2d at 385; *Sink*, 685 S.W.2d at 405. At most, the grand jury indictment was presented on *insufficient* evidence, which cannot be the basis of an expunction. By contrast, in order for expunction to lie, the evidence must be *erroneous*. *Sink*, 685 S.W.2d at 405–06 (emphasis original).

■ Appellant argues that the grand jury evidence is irrelevant because expunction is based solely on the prosecutor's *subjective* reason for dismissal. Thus, according to appellant, if the prosecutor says the dismissal was not based on mistake, false information, or other similar reason indicating an absence of probable cause, then there is no other question and expunction should be denied. If this were the law, then an expunction hearing would serve no purpose. The judge would simply ask the prosecutor why the indictment was dismissed and enter a judgment accordingly. Fortunately, that is not the law. As previously stated, the expunction court may look beyond the reasons stated in the motion to dismiss and consider all

admissible evidence to determine the *true* reason for dismissal. *Metzger*, 846 S.W.2d at 385 (emphasis added).

Unlike in *Sink* and *Metzger*, we do not know what the grand jury was told at the hearing on appellee's indictment. In *Sink* and *Metzger*, the critical evidence *existed* and was presented to the grand jury but was adjudged inadmissible prior to trial by the court. In fact, in all of the cases relied on by appellant there was some procedural blockade (motion to suppress evidence, motion for instructed verdict, incompetent complaining witness) that caused existing evidence to be excluded. Without the excluded evidence, the State could not procure a conviction. Here, we do not know if the evidence ever existed because there is nothing in the record demonstrating that the complaining witness could *ever* have identified appellee. Therefore, if the grand jury was told that the complaining witness could identify appellee, and it proved later that in actuality she could not, the presentment was made based on mistake or false information.

■ Although he cannot prove exactly what was told to the grand jury, appellee still has the burden of showing that each of the statutory requirements were met. *See M.G.G.*, 866 S.W.2d at 798. Appellee met this burden by showing that the presentment was based on the prosecutor's file without witnesses and that no medical or scientific evidence existed to prove that appellee was the attacker or that the attack even occurred. The only other evidence was that appellee drove the residents to church on the day of the alleged assault, aside from the complainant's claim. This indicates that, but for the complaining witness' ability to identify appellee, the indictment would not have been presented. *See Sink*, 685 S.W.2d at 405. In other words, appellee proved that the State must have relied on the complaining witness' ability to identify appellee in procuring the indictment, which proved to be nonexistent because she could not, in fact, identify him. Appellant could have refuted this by showing either: 1) that the State did not rely on the complaining witness' identification of appellee to procure the indictment; or 2) that she was able to identify appellee at the time of the

indictment, but her nervousness manifested itself in an inability to identify him in the courtroom. Appellant was unable to refute appellee's case showing that the indictment was dismissed because its presentment was based on mistake or false information, such mistake or false information being the complainant's ability to identify appellee. Thus, the trial court did not err in granting the expunction because there was sufficient evidence in the record to support his findings that the presentment was made because of mistake, false information, or other similar reason indicating an absence of probable cause at the time of dismissal. Both of appellant's points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.