TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00322-CV






Texas Department of Public Safety, Appellant



v.



N. R. G., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 95-13350, HONORABLE MIKE LYNCH, JUDGE PRESIDING 







 Appellant the Texas Department of Public Safety ("DPS") appeals a trial court order
granting appellee N. R. G.'s petition for expunction of records (the "Petition") relating to his arrest. In
seven points of error, DPS contends the trial court erred in granting the expunction. We will affirm the
judgment of the trial court.


BACKGROUND The records sought to be expunged arose from a sexual encounter between N. R. G. and
a female business acquaintance. N. R. G. was arrested pursuant to an indictment charging him with sexual
assault. The indictment was later dismissed, and N. R. G. filed this action to expunge the records. DPS
contested the proceedings, but the district attorney did not. The trial court granted the expunction, and
DPS appeals.


 The trial court made findings of fact and conclusions of law. The court found that a third
party first contacted the sheriff on the evening in question concerning a possible sexual assault. (1) Two days
after the incident, the complaining witness gave the sheriff a sworn statement claiming that N. R. G. had
forced her to engage in sex over her objection and without her consent. The sheriff did not obtain a warrant
for N. R. G.'s arrest, but instead referred the matter to the district attorney. The trial court concluded that
the sheriff did not believe from the investigation that probable cause existed to arrest the accused.

 The trial court found that the district attorney presented the case to the grand jury based
solely on information the sheriff had received. The sheriff's investigation report, containing a summary of
the complainant's sworn statement, was submitted to and considered by the grand jury. No witnesses
testified in person, and N. R. G. was neither advised nor given an opportunity to appear and present his
version of the events. The grand jury returned a felony indictment charging N. R. G. with sexual assault,
and he was arrested pursuant to the indictment, which was later dismissed. 

 The trial court found the sheriff's report contained false information, particularly the
allegation that the sexual conduct occurred without the complainant's consent. The court found the
indictment was presented due to the false information in the complainant's statement and the summary of
that statement contained in the sheriff's report. The court further concluded that at the time the indictment
was dismissed, the false information created an absence of probable cause to believe that N. R. G. had
committed the offense of sexual assault. Based upon its findings and conclusions, the trial court determined
that N. R. G. had met the legal requirements and granted the expunction. DPS does not directly challenge
any of the trial court's findings of fact by a point of error, and to the extent they are unchallenged, we are
bound by them on appeal. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). In particular,
DPS does not challenge the trial court's finding that the complainant falsely alleged that the sexual conduct
occurred without her consent.

 N. R. G. did not deny that the sexual encounter occurred; rather, the critical dispute was
whether he forced the complainant to engage in sexual contact without her consent. Assistant district
attorney Buddy Meyer testified that he had not discussed the case with the complaining witness before the
indictment but that he interviewed her several times after the indictment was returned and eventually moved
to dismiss the charge. The motion to dismiss gave as its basis: "Other; pending further investigation (per
B. Meyers [sic])." Meyer testified that he believed there was probable cause and that he had no personal
knowledge that the information was false. At the same time, he testified that, after his conversations with
the witness, he dismissed the charge because he did not have sufficient evidence to prove either that the
events occurred without the complainant's consent or that N. R. G. forced her to comply, based on the
lack of force exerted. In effect, he could not prove nonconsensual sex and, therefore, could not prove N.
R. G. had committed an offense. N. R. G. testified at the expunction hearing that the sexual act was
consensual and that any assertion by the complainant to the contrary was false. The record further contains
a letter stating that N. R. G. agreed to attend counseling; that after one year the district attorney would
dismiss the indictment; and that in this event, the district attorney would not oppose expunction. Meyer,
however, did not recall the latter agreement.

DISCUSSION

 The nature of the expunction statute is remedial, and it should be liberally construed. State
v. Arellano, 801 S.W.2d 128, 130 (Tex. App.--San Antonio 1990, no writ). N. R. G. is entitled to
expunction if he satisfies all the statutory conditions. See Harris County Dist. Atty's Office v. D.W.B.,
860 S.W.2d 719, 721 (Tex. App.--Houston [1st Dist.] 1993, no writ). We will affirm the judgment of
the trial court if it can be upheld on any reasonable theory supported by the evidence. Harris County Dist.
Atty's Office v. Burns, 825 S.W.2d 198, 200 (Tex. App.--Houston [14th Dist.] 1992, writ denied). We
consider only the evidence most favorable to the judgment, and will affirm the judgment if there is some
evidence to support it. State v. Knight, 813 S.W.2d 210, 211 (Tex. App.--Houston [14th Dist.] 1991,
no writ).

 A defendant is entitled to the expunction of all records relating to an arrest where the
following conditions exist:


(A) an indictment or information charging him with commission of a felony has not been
presented against him for an offense arising out of the transaction for which he was
arrested or, if an indictment or information charging him with commission of
a felony was presented, it has been dismissed and the court finds that it was
dismissed because the presentment had been made because of mistake, false
information, or other similar reason indicating absence of probable cause at
the time of the dismissal to believe the person committed the offense or because
it was void;


(B) he has been released and the charge, if any, has not resulted in a final conviction and
is no longer pending and there was no court ordered probation under Article 42.12,
Code of Criminal Procedure, nor a conditional discharge under Section 481.109,
Health and Safety Code; and


(C) he has not been convicted of a felony in the five years preceding the date of the
arrest.



Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 1997) (emphasis added). An indictment is
"presented" when it is acted on by the grand jury and filed with the trial court. Id. 12.06 (West 1977).

 The trial court found N. R. G. had never been convicted of a felony and that he received
neither court ordered probation under article 42.12 of the Code of Criminal Procedure nor a conditional
discharge under section 481.109 of the Health and Safety Code. See id. 55.01(a)(2)(B), (C). DPS does
not challenge these findings; its appeal turns on the district attorney's reason for dismissing the charge. See
id. 55.01(a)(2).

 In its fourth point of error, DPS contends that the indictment was not presented based upon
false information because the sheriff's report considered by the grand jury contained each party's version
of the sexual encounter and the grand jury resolved the conflict against N. R. G. Appellant does not explain
how this affects the veracity of the complaining witness's testimony or causes the expunction order to be
erroneous. In effect, DPS argues that even though the complaining witness's statement was false, that fact
is of no consequence since the sheriff's report also contained N. R. G.'s contrary version of the facts.

 DPS overstates the record. No witness at the expunction hearing could testify to the
specific evidence considered by the grand jury. Clearly, the complaining witness's statement or a summary
of her statement was considered. The sheriff's report also contains a brief account of a phone conversation
the sheriff had with a man who reported that N. R. G. had told the man the sexual act was consensual. The
sheriff never talked to N. R. G., who did not have an opportunity to state his version of the facts. 
Regardless of whatever other information the grand jury received, the trial court found presentment was
made because of the false accusation of the complaining witness. Clearly, without the complaint there
would have been no presentment. We overrule point of error four.

 In points six and seven, DPS contends the trial court erred in granting the expunction
because the evidence is legally and factually insufficient to prove the indictment in question was dismissed
based upon a permissible statutory reason that would entitle appellee to this relief. DPS complains that the
evidence fails to show that the district attorney dismissed the indictment for the reason that the presentment
had been made because of mistake, false information, or other similar reason indicating absence of probable
cause at the time of the dismissal to believe that the appellee committed the offense.

 When both the legal and factual sufficiency of the evidence supporting a trial court's findings
of fact are attacked by the appellant, the reviewing court begins with an examination of legal sufficiency. 
Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). In considering a no evidence
challenge, we consider only the evidence and reasonable inferences which support the challenged finding,
and disregard all contrary evidence and inferences. Davis v. City of San Antonio, 752 S.W.2d 518, 522
(Tex. 1985). If there exists any evidence of probative value to support the trial court's finding, we must
uphold the finding and overrule the point of error. See Southern States Transp., Inc. v. State, 774
S.W.2d 639, 640 (Tex. 1989); Eubanks v. Eubanks, 892 S.W.2d 181, 182 (Tex. App.--Houston [14th
Dist.] 1994, no writ).

 If the finding is supported by legally sufficient evidence, we must then weigh and consider
all the evidence, both that in support of and that contrary to the challenged finding.  Plas-Tex, Inc. v.
United States Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). The finding must be upheld unless it is
so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. 
Pool v. Ford Motor, 715 S.W.2d 629, 635 (Tex. 1986).

 The trial court found that (1) the indictment was presented due to false information, and (2)
at the time of dismissal, the false information created an absence of probable cause to believe that N. R.
G. had committed the charged offense. In effect, DPS argues that, even if true, N. R. G. failed to prove
this was the reason the district attorney abandoned the prosecution and dismissed the indictment. DPS
argues that N. R. G. failed to prove that the dismissal was for any reason other than the one stated in the
motion.

 The reason for dismissal is not determined solely on the basis of the district attorney's
subjective knowledge and explanation. Thomas v. State, 916 S.W.2d 540, 544-45 (Tex. App. --Waco
1995, no writ). The court may look beyond the reason stated in the motion to dismiss and consider all
admissible evidence to determine the true reason for the dismissal. Harris County Dist. Attorney's Office
v. Hopson, 880 S.W.2d 1, 4 (Tex. App.--Houston [14th Dist.] 1994, no writ). In both Thomas and
Hopson, an indictment for sexual assault was returned predicated solely on information later deemed to
be false or unreliable. The court in each case determined the indictment must have been dismissed due to
the false or unreliable allegations. Thomas, 916 S.W.2d at 546; Hopson, 880 S.W.2d at 4. In the instant
case, the trial court looked at the full record, concluded the accusations by the complainant were false, and
reasonably determined that the district attorney dismissed the indictment on a statutory ground. Upon
review of the record, we hold the evidence is legally and factually sufficient to support this ruling. We
overrule points six and seven. 

 In three points of error, DPS contends the trial court erred by granting the expunction
because, aside from the basis stated in its motion, the district attorney had in fact dismissed the indictment
for reasons that would not permit expunction. DPS offers three alternative reasons for dismissal: (1) the
district attorney had agreed to dismiss the indictment if N. R. G. successfully completed the terms of a pre-trial diversion agreement (point one); (2) the district attorney had agreed not to oppose expunction in that
event, which was not binding on DPS (point two); (2) or (3) the district attorney lacked sufficient proof to
convict N. R. G. of sexual assault (point five). None of these alternatives constitutes a statutory ground
supporting expunction. See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). At the same time, none would
prevent expunction so long as there existed a statutory basis as well. As stated, a trial court in an
expunction proceeding may look beyond the reasons stated by the district attorney in the motion to dismiss
and consider all admissible evidence in determining the basis for dismissal. Hopson, 880 S.W.2d at 4. 
Having upheld the trial court's finding that the district attorney's dismissal of the charges against N. R. G.
was due to false information indicating absence of probable cause at the time of dismissal, we need not
address DPS's alternative rationales for dismissal suggested in points of error one, two, and five. We,
therefore, overrule these points of error.

 Finally, DPS argues in its third point of error that N. R. G.'s failure to include the date of
the alleged offense in his petition renders the pleadings insufficient to support the judgment. See Tex. Code
Crim. Proc. Ann. art. 55.02 § 1(b)(3) (West Supp. 1997). N. R. G. counters that DPS is estopped from
arguing the insufficiency of the petition. (3) Assuming, without deciding, that DPS is not estopped from
arguing this point of error, we nevertheless overrule point of error three. DPS argues that an expunction
order cannot stand if not rendered in strict compliance with the statutory requirements. See State v.
Autumn Hills Ctrs., Inc., 705 S.W.2d 181, 182 (Tex. App.--Houston [14th Dist.] 1985, no writ)
(expunction petition was filed in a county other than the county in which party was arrested); Rodriguez
v. T.M.B., 812 S.W.2d 449, 450 (Tex. App.--San Antonio 1991, no writ) (law enforcement agency was
given notice of the expunction hearing only five days prior to the hearing, in violation of the thirty-day
requirement); Texas Dep't. of Pub. Safety v. Riley, 773 S.W.2d 756, 758 (Tex. App.--San Antonio
1989, no writ) (law enforcement agency was given no notice of the expunction hearing and no waiver of
the thirty-day waiting period was shown). Conversely, N. R. G. argues that remedial statutes, and
therefore the expunction statute, should be liberally construed. See Burch v. City of San Antonio, 518
S.W.2d 540, 544 (Tex. 1975); Arellano, 801 S.W.2d at 130.

 DPS does not direct us to a case in which an expunction order was reversed or invalidated
due to omission of the alleged offense date from the petition. The cases supporting DPS's argument
concern defects of either inadequate notice or improper venue. The defect in N. R. G.'s case is
distinguishable because, unlike inadequate notice or improper venue, the absence of the alleged offense
date in the petition did not significantly disadvantage DPS. The date of the arrest was alleged, and the
records to be expunged were apparently located through other means. In any event, DPS did not specially
except to the pleadings or point out the missing allegation to the trial court, nor does DPS contend it was
in any way harmed by the omission. We hold the omission of the offense date is not fatal to the petition. 
Having met the required circumstances conferring the right to expunction, N. R. G. should not be deprived
of this relief where DPS failed to timely complain and alleges no harm as a result. We overrule point of
error three.

CONCLUSION

 Having overruled DPS's seven points of error, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 5, 1997

Do Not Publish

1. The record shows the complainant's boyfriend was the third party who contacted the sheriff several
times and later brought her to the office to give a statement.
2. DPS does not explain how this is a basis for dismissal of the indictment or how this calls into question
the expunction order. 
3. At the expunction hearing, the attorney for DPS stipulated to all the averments in the petition as being
correct.


t one); (2) the district attorney had agreed not to oppose expunction in that
event, which was not binding on DPS (point two); (2) or (3) the district attorney lacked