11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
State of Texas
            Appellant
Vs.                  No. 11-04-00123-CV -- Appeal from Taylor County
Tonie Christine Soto
            Appellee
 
            The State appeals from an order granting expunction to Tonie Christine Soto for two offenses
arising out of the same arrest. Soto had been indicted for possession of cocaine (a felony) and
possession of marihuana (a misdemeanor). Both cases were dismissed upon request of the district
attorney, citing evidentiary issues as the reason for the dismissals. Soto subsequently moved to
expunge the records relating to these two offenses. The trial court held a hearing on the expunction
issue. At the hearing, the district attorney contested Soto’s request for expunction. After the
hearing, the trial court entered an order of expunction and made findings of fact and conclusions of
law. The State appeals. We affirm. 
            In the sole issue on appeal, the State contends that the trial court erred in granting the
expunction because the trial court had no jurisdiction, because the trial court granted relief that was
not requested, and because Soto did not show that she was entitled to an expunction. 
            The record shows that Soto’s written request for expunction was inadvertently filed in the
underlying felony case -- rather than as an ex parte petition. The record also shows that Soto’s
request for expunction was erroneously based upon the grounds that Soto had been acquitted in the
underlying cases -- when the cases had actually been dismissed. Despite these shortcomings, we
hold that the district court nonetheless had jurisdiction to entertain Soto’s request for expunction.
            Expunctions are authorized by TEX. CODE CRIM. PRO. ANN. ch. 55 (Vernon Pamph.
Supp. 2004 - 2005). Article 55.02, section 2(a) provides that requests for expunction should be filed
in a district court in the county where either the arrest or the offense occurred. In Soto’s case, the
district court that ordered expunction was located in the county where the alleged offenses occurred,
where Soto’s arrest occurred, and where the underlying causes were dismissed. Thus, pursuant to
Article 55.02, the district court had jurisdiction over the expunction proceedings. 
            Moreover, the district court did not grant relief that was not requested. Soto moved for an
expunction, and the district court granted that expunction. We agree that the court granted the
expunction on grounds not specifically listed in Soto’s written request, which sought expunction
under Article 55.01(a)(1)(A). However, the record shows that the grounds upon which expunction
was ultimately granted, Article 55.01(a)(2), were addressed at the contested expunction hearing. 
            The State also contends that Soto failed to meet her burden of proof as to Article
55.01(a)(2)(A). The petitioner in an expunction proceeding has the burden of proving that the
statutory requirements are met. Harris County District Attorney’s Office v. Hopson, 880 S.W.2d 1,
3-4 (Tex.App. - Houston [14th Dist.] 1994, no writ). The expunction court may look at any
admissible evidence to determine the State’s true reason for dismissal. Harris County District
Attorney’s Office v. Hopson, supra; Metzger v. Houston Police Department, 846 S.W.2d 383, 385
(Tex.App. - Houston [14th Dist.] 1992, writ den’d). We review the trial court’s ruling on an
expunction under an abuse of discretion standard of review. Heine v. Texas Department of Public
Safety, 92 S.W.3d 642, 646 (Tex.App. - Austin 2002, pet’n den’d). 
            Article 55.01(a) provides that a person who was placed under arrest for the commission of
a felony or a misdemeanor is entitled to have all records relating to that arrest expunged if:
 
(1) the person is tried for the offense for which the person was arrested and
is:
 
(A) acquitted by the trial court, except as provided by
Subsection (c) of this section; or
 
(B) convicted and subsequently pardoned; or
 
(2) each of the following conditions exist:
 
(A) an indictment or information charging the person with
commission of a felony has not been presented against the person for
an offense arising out of the transaction for which the person was
arrested or, if an indictment or information charging the person with
commission of a felony was presented, the indictment or information
has been dismissed or quashed, and:
 
(i) the limitations period expired before the
date on which a petition for expunction was filed
under Article 55.02; or
 
(ii) the court finds that the indictment or
information was dismissed or quashed because the
presentment had been made because of mistake, false
information, or other similar reason indicating
absence of probable cause at the time of the dismissal
to believe the person committed the offense or
because it was void;
 
(B) the person has been released and the charge, if any, has
not resulted in a final conviction and is no longer pending and there
was no court ordered community supervision under Article 42.12 for
any offense other than a Class C misdemeanor; and
 
(C) the person has not been convicted of a felony in the five
years preceding the date of the arrest.
 
            Based upon the evidence presented at the expunction hearing, the trial court found that Soto
was not guilty of the offenses and that a trial on either charge would have resulted in an acquittal. 
Soto was the only witness who testified at the expunction hearing. The trial court found and the
record shows that Soto was in the company of a young man and two of his friends when they stopped
at a residence that was not familiar to Soto. Soto knew nobody there other than the young man she
accompanied. She followed the young man and his friends into a bathroom. There was a man and
a woman standing at the counter in the bathroom “doing something” with a piece of foil (cocaine). 
Then, the three young men sat down on the bathtub and began rolling a marihuana cigar. At that
time, the police entered and arrested them. According to Soto and the others present in the
bathroom, Soto did not use or possess the cocaine or the marihuana. Based upon this evidence, the
trial court concluded that the indictment and the information were dismissed because of the absence
of probable cause to believe that Soto committed the charged offense at the time that the indictment
and information were dismissed. 
            We hold that the trial court did not abuse its discretion in ordering that Soto’s records be
expunged. The State’s issue on appeal is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
July 7, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.