

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00002-CV
_____

IN RE:
EXPUNCTION REQUEST BY LARRY WAYNE MEANS

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 2008-2274-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In early 1989, Larry Wayne Means was indicted[1] by a Gregg County grand jury for the offense of indecency with a child. Later that year, the indictment was dismissed on the State's motion because the "[v]ictim cannot remember the indecency part of the Indictment." In late 2008, Means unsuccessfully petitioned the trial court to expunge all references to that felony charge. This appeal follows.

We affirm the trial court's ruling on two independent bases, either of which is sufficient cause to affirm: (1) Means has failed to prove that he was not convicted of a felony within five years before the date of his arrest on the charge in issue; and (2) Means has failed to prove either (a) that limitations expired on the event originally charged or (b) that the indictment was dismissed because it had been based on "mistake, false information, or . . . similar reason indicating the absence of probable cause at the time of the dismissal."

The remedy Means seeks, to have his criminal record expunged, is controlled by Article 55.01(a) of the Texas Code of Criminal Procedure.

> (a) A person who has been [arrested] is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2) each of the following conditions exist:

---

[1] The indictment at issue was returned in July 1989. It alleged Means committed the offense of indecency with a child on or around May 18, 1989, with a child who was at the time younger than seventeen years of age. The record before us has no more specific indication of the alleged victim's age.

(A)     an indictment or information charging the person with commission of a felony . . . has been dismissed or quashed, and:

(i)     the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii)     the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense . . . ;
. . . .[2] and

(C)     the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon 2006); *see McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.).  The person seeking expunction has the burden of proving compliance with the statutory requirements. *Ex parte Wilson*, 224 S.W.3d 860, 862 (Tex. App.—Texarkana 2007, no pet.); *McCarroll*, 86 S.W.3d at 378; *Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.).  Expunction will not be granted unless the petitioner satisfies each of the statutory requirements. *Wilson*, 224 S.W.3d at 862–63; *Perdue v. Tex. Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.—San Antonio 2000, no pet.).  We have no equitable power to allow expunction where it is not allowed by statute. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.); *Tex. Dep't of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex. App.—El Paso 1985, no writ).

─────────────────

[2]There is no suggestion that subparagraph (B) is in question in Means' effort to have his record expunged.

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Guajardo*, 70 S.W.3d 202, 204 (Tex. App.—San Antonio 2001, no pet.).

Means was in custody at the time he filed his petition for expunction, and the trial court refused to bench warrant Means for his expunction hearing. It appears that Means' motion to be bench warranted to attend the hearing in person or to be allowed to attend by telephone, was denied in its entirety. The record does reflect Means' acknowledgment that he received advance notice of the hearing on his motion. At the appointed time and place, a brief hearing was held before the trial court. Not being present, Means presented no in-court evidence. The record before us also contains no documentary evidence or any testimony in admissible form by which Means might have attempted to carry his burden of proof to show himself entitled to expunction. It appears that Means relied entirely on the exhibits attached to his petition: a purported photocopy of the indictment and a purported photocopy of the motion and order dismissing the charge. In his petition to the trial court, Means stated he was entitled to expunction because "Petitioner was tried for the aforementioned offense on November 14th, 1989, and the criminal action was dismissed by the trial Court and Gregg County Criminal District Attorney." Means' petition offered no further argument or authority for the relief he sought. From the record before us, however, it appears clear that no trial was held on the underlying charge, but that it was dismissed.

The State also presented no evidence at the expunction hearing. The extent of the State's argument was basically that,

4

> at the time [Means] was incarcerated for this offense and arrested on this charge, [he] was a convicted felon and had been convicted in the five years prior to the date of the arrest. And I'll just note that the indecency charge in Cause Number 17,466-A, the indictment alleged a previous felony conviction.

The indictment, itself dated July 26, 1989, alleged that the instant offense was committed May 18, 1989, and included an enhancement paragraph alleging that Means, on July 2, 1984, had been convicted of felony Driving While Intoxicated (DWI). Nonetheless, there is no definitive proof concerning whether Means was convicted of a felony in the five years before his arrest on the 1989 charge.

*(1)*      *Means Has Failed to Prove that He Was Not Convicted of a Felony Within Five Years Before the Date of His Arrest on the Charge in Issue*

An expunction petitioner must also prove he or she was not convicted of a felony in the five years preceding the arrest which he or she seeks to expunge. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(C). Means has attached, to his appellate brief, trial court orders placing him on, then revoking his community supervision for the underlying felony DWI conviction. He also sought to supplement the record with a copy of his arrest history. A trial court order in a separate case, not somehow made a part of the appellate record may not be considered on appeal, even if attached to an appellate brief as an exhibit. *Banowsky v. State Farm Mut. Auto. Ins. Co.*, 876 S.W.2d 509, 513 (Tex. App.— Amarillo 1994, no writ). As these documents are not properly part of the appellate record, we will not consider them. *See id.*; *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). Similarly, when the State suggests in its brief that the trial court's

docket sheet states that Means pled guilty to another offense the same day as the instant dismissal, we cannot consider that docket sheet, which is also not part of the record on appeal.

It was Means' burden to prove to the trial court that he had not been convicted of a felony in the five years before his arrest for the indecency charge. We are sympathetic to Means' difficulty, given that he was not present at the trial court's hearing, either in person or by telephone, in being able to present in-court testimony or evidence. Nonetheless, it was his burden to meet, and he was not entitled to relief without meeting that burden. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(C).

That basis alone is dispositive of Means' appeal, but his appeal fails for still another reason.

*(2)    Means Has Failed to Prove Either (a) that Limitations Expired on the Event Originally Charged or (b) that the Indictment Was Dismissed Because it Had Been Based on "Mistake, False Information, or . . . Similar Reason Indicating the Absence of Probable Cause at the Time of the Dismissal"*

It is also challenged that Means did not comply with Article 55.01(a)(2)(A). That subparagraph has two alternative elements that can be proven by an expungement claimant, alternatives that are set out in parts (i) and (ii) under subparagraph (A). We conclude that Means has proven neither alternative.

*(a)    No Proof that Limitations Expired*

One alternative proof element is that limitations had expired on the charged offense. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i). The statute of limitations for the offense of indecency with a child expires ten years after the victim's eighteenth birthday. TEX. CODE CRIM.

6

PROC. ANN. art 12.01(5)(A) (Vernon Supp. 2008).  Nothing in the record before us fixes the age of the alleged victim at the time of the indicted offense.  The indictment alleges that Means committed the offense of indecency with a child on or about May 18, 1989, and that the victim was at the time a child of seventeen years or less.  It provides, however, no further detail on the extent to which the child was less than seventeen years old.  And that lack of detail in the record is fatal to any claim that this element was proven.  If, for example, the victim had been five years old in May 1989, the limitations period would not run until sometime in 2012.  Based on the record before us, Means did not prove that the limitations period had run on the indicted offense.

> (b)      *No Proof that Indictment's Dismissal Was Due to Mistake, False Information, or Other Lack of Probable Cause*

The other alternative element required proof that the indictment was originally presented to the grand jury "because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe [Means] committed the offense . . . . " *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii).  Means claims that this element was proven with the State's stated reason to dismiss the indictment approximately four months later, that is, that the "[v]ictim cannot remember the indecency part of the Indictment."  We disagree.

We find no authority to support Means' contention that the State's reason for dismissal, that the victim could not remember, amounts to the prosecution having been dismissed because of mistake, false information, or other indications of lack of probable cause at the time of dismissal.  The cases cited by Means do not advance his argument.

7

Means cites *Harris County District Attorney's Office v. M.G.G.*, but the case specifically states that a finding of insufficient evidence does not, alone, support an expunction. *Harris County Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 798–99 (Tex. App.—Houston [14th Dist.] 1993, no writ). In *M.G.G.*, the State moved to dismiss the indictment before a hearing on the defendant's motion to suppress; the State acknowledged a lack of probable cause to support M.G.G.'s arrest. *Id.* at 797. The *M.G.G.* court found that, even if there was not admissible evidence to support a conviction, such lack of admissible evidence had no bearing on whether there was probable cause to indict, and the record contained "no evidence supporting the trial court's finding that the indictment was dismissed 'because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe the person committed the offense.'" *Id.* at 799 (citations omitted).

The other two cases cited by Means come somewhat closer to supporting the position he advances, yet both are distinguishable. The trial court in *Metzger v. Houston Police Department* found the three-year-old child victim incompetent to testify, and the State then moved to dismiss the case. *Metzger v. Houston Police Dep't*, 846 S.W.2d 383 (Tex. App.—Houston [14th Dist.] 1992, writ denied). In *Metzger*, the prosecutor testified at length that, while she did not believe a conviction could be had without the child's testimony, she still believed there was probable cause to believe Metzger had committed the offense. The prosecutor detailed the evidence presented to the grand jury and explicitly stated her motion to dismiss was not based on any belief that the

8

indictment was presented due to mistake, false information, or any other circumstances which would call into question probable cause to believe the defendant had committed the offense. Metzger presented witnesses who claimed that several of the State's witnesses either lied or presented forged documents to the grand jury, or falsified reports. *Id.* at 384. Metzger presented neither evidence that the State had reason to believe any evidence it presented to the grand jury was false, nor any proof that the State moved to dismiss the indictment because it thought the case had been presented based on false information indicating a lack of probable cause at the time of the dismissal to believe Metzger had committed the crime. *Id.* The appellate court affirmed the trial court's denial of the expunction, finding there was no evidence that the State's motion to dismiss was based on anything other than the trial court's ruling that the child victim was not competent to testify at trial. *Id.* at 385.

*Harris County District Attorney's Office v. Hobson* comes slightly closer to Means' position. *See Harris County Dist. Attorney's Office v. Hobson*, 880 S.W.2d 1 (Tex. App.—Houston [14th Dist.] 1994, no writ). In *Hobson*, the mentally retarded victim of an alleged sexual assault could not identify Hobson as her assailant. There was no medical evidence supporting the indictment, and apparently the State presented no witnesses to the grand jury. The prosecutor testified "that she did not dismiss the indictment because she believed false information was presented to the grand jury or that the grand jury was mistaken in finding probable cause. She also stated that at the time of dismissal she believed there was probable cause that appellee committed the offense." *Id.* at 2. There was no record that anything other than the State's file was presented to the grand jury. When

9

the victim subsequently was unable to identify the defendant, and there was no evidence she had ever been able to identify him, Hobson effectively met his burden of proof:[3] "if the grand jury was told that the complaining witness could identify appellee, and it proved later that in actuality she could not, the presentment was made based on mistake or false information." *Id.* at 4.

Here, the record contains no information on whether there was other evidence which supported the initial indictment or whether the victim previously made a statement or remembered the circumstances supporting the initial allegation. There is nothing in the record to indicate Means carried his burden of proving his right to an expunction. Because the instant record is not adequately developed to the extent of the above-cited cases, we do not believe that the single statement, "Victim cannot remember the indecency part of the Indictment," establishes either that there was no probable cause at the time of the indictment's dismissal or that the indictment was presented based on mistake or false information. *See Tex. Dep't of Pub. Safety v. Collmorgen*, No. 14-06-00478-CV, 2007 Tex. App. LEXIS 2174, at *4–5 (Tex. App.—Houston [14th Dist.] Mar. 22, 2007, no pet.) (mem. op.) ("Both the clear language of the statute and cases interpreting the statute dictate that the petitioner must assert evidence showing that the indictment was based on a mistake or false information. If the prosecutor dismisses simply because he believes he has insufficient evidence to convict, that is not mistake or false information.").

---

[3]The parties stipulated that subparagraphs (B) and (C) had been satisfied by Hobson.

10

For two independent reasons, we hold that the trial court did not abuse its discretion in denying Means' petition for expungement.

We affirm.

_____
Josh R. Morriss, III
Chief Justice

Date Submitted:     May 19, 2009
Date Decided:      June 3, 2009