**Armand Shabazz COMB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–03–00037–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 13, 2003.

Armand Shabazz Comb, Tennessee Colony, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for State.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

ADELE HEDGES, Justice.

Appellant pleaded guilty to possession with intent to deliver cocaine in 1998. The trial court deferred adjudication of guilt and placed appellant on community supervision for six years. The State filed a motion to adjudicate guilt to which appellant pleaded true on December 12, 2002. In accordance with a plea bargain agreement, the trial court sentenced appellant to 10 years' confinement. Appellant filed a timely *pro se* notice of appeal on January 8, 2003. We dismiss the appeal for lack of jurisdiction.

Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended. Appellant's notice of appeal invoking appellate jurisdiction was filed after the effective date of the amended rules.[1] Therefore, we hold that the amended rules apply to this appeal.

Rule 25.2(a) was amended to read, in pertinent part:

(2) Of the Defendant. A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

Tex.R.App. P. 25.2(a).

The trial court filed a certification of defendant's right of appeal in accordance with Rule 25.2(a)(2). It states that this "is a plea-bargain case, and the defendant has *NO* right of appeal."

 We have jurisdiction to determine whether we have jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim. App.1996); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding). Appellant pleaded guilty to possession with intent to deliver cocaine. When he was adjudged guilty, he entered into a plea bargain agreement as to punishment that the trial court did not

---

1. *See White v. State*, 61 S.W.3d 424, 428 (Tex. Crim.App.2001) ("Appellate jurisdiction is in- voked by giving timely and proper notice of appeal.")

exceed at sentencing. Therefore, under amended Rule 25.2(a)(2), appellant was entitled to appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." According to the trial court's certification, neither of these circumstances apply because it states that there is no right of appeal.

We hold that we lack jurisdiction over this appeal. The appeal is dismissed.