**Shane Lee TEEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–03–040 CR.**

Court of Appeals of Texas, Beaumont.

April 10, 2003.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Rodney D. Conerly, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

**MEMORANDUM OPINION**[1]

PER CURIAM.

Shane Lee Teel entered a guilty plea to theft from a person. A plea bargain agreement between Teel and the State provided for deferred adjudication. Following the agreement, the trial court deferred adjudication of guilt and placed Teel on community supervision. In subsequent proceedings, the trial court proceeded with adjudication of guilt and sentenced Teel to two years of confinement in the Texas Department of Criminal Justice, State Jail Division. Teel filed a *pro se* notice of appeal on January 2, 2003.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case, and the defendant has no right of appeal. *See* TEX.R.APP. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. On January 15, 2003, we notified the parties that the appeal would be dismissed unless an amended certification was filed within thirty days of the date of the notice and made a part of the appellate record by February 14, 2003. *See* TEX.R.APP. P. 37.1. The appellant received an extension of time in which to obtain an amended certification from the trial court. Although the appellant filed a motion with the trial court, the motion has not been granted and the record has not been supplemented with an amended certification.

 On March 17, 2003, the appellant filed a "Motion to Maintain Case on Appeal." The State did not respond to the motion. The appellant urges that his case may involve legally cognizable issues and that he will be deprived of due process if Rule of Appellate Procedure 25.2 is applied

---

1. TEX.R.APP. P. 47.4.

to him. He cites no authority in support of his bare assertion of denial of due process. As the Court of Criminal Appeals noted in a case decided under the 1997 Rules of Appellate Procedure, "[t]he Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, set out procedures which must be followed in order to invoke jurisdiction over a particular appeal." *White v. State*, 61 S.W.3d 424, 427–28 (Tex.Crim.App.2001). Similarly, in promulgating the 2003 Rules of Appellate Procedure, the Court of Criminal Appeals did not eliminate the right of an appellant to challenge legally cognizable issues; "it merely altered the method used to invoke the jurisdiction of an appellate court over such a claim." *Id.* at 428. If, due to error by the trial court, the appellant is prevented from presenting those issues on appeal, he may obtain relief through the procedures established when an adequate remedy by appeal is not available. *See, e.g.,* Tex.R.App. P. 52; Tex.Code Crim. Proc. Ann. arts. 11.01 et seq. (Vernon 1977 & Supp.2003). The appellant presents insufficient justification for shredding the 2003 Rules of Appellate Procedure before the ink on the paper dries. The appellant's "Motion to Maintain Case on Appeal" is denied.

Because a certification that shows the defendant has the right of appeal has not been made part of the record, the appeal must be dismissed. *See* Tex.R.App. P. 25.2(d).

Accordingly, we dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.