In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00053-CR


______________________________




CORY DEAN MARKS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,493-2002



 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Cory Dean Marks has filed an appeal from his conviction on his plea of guilty pursuant to
a negotiated plea agreement for the offense of criminal mischief. Effective January 1, 2003, the
Texas Rules of Appellate Procedure were amended. Marks' notice of appeal invoking appellate
jurisdiction was filed after the effective date of the amended rules. The amended rules therefore
apply to this appeal. Rule 25.2(a) was amended to read, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order. In a plea bargain case-that is, a case in
which defendant's plea is guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant-a defendant may appeal only: 


 (A) those matters that were raised by written motion filed and ruled
on before trial, or 


 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a)(2).

 The trial court filed a certification of defendant's right of appeal in accordance with Rule
25.2(a)(2). It states that this "Is a plea-bargain case, and the Defendant has NO right of appeal."

 The written admonishments reflect that Marks entered into a negotiated plea agreement and
contain language informing him that, if the punishment did not exceed the agreed recommendation,
he did not have the right to appeal without permission of the court except for matters raised by
written motions filed before trial.

 We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 522-23 (Tex. Crim. App. 1996). Marks entered into a negotiated plea agreement that the trial
court did not exceed at sentencing. Under amended Rule 25.2(a)(2), Marks was entitled to appeal
only "those matters that were raised by written motion filed and ruled on before trial," or "after
getting the trial court's permission to appeal." The trial court certified that neither of these
circumstances apply by stating that there is no right of appeal. See Comb v. State, No. 01-03-00037-CR, 2003 WL 1090438 (Tex. App.-Houston [1st Dist.] Mar. 13, 2003, no pet. h.). 

 We hold that we lack jurisdiction over the appeal. We dismiss the appeal.



 Jack Carter

 Justice


Date Submitted: April 30, 2003

Date Decided: May 1, 2003


Do Not Publish



ed attempts. Under
these facts and the statute, Murph's argument that his activities occurred after the theft was
completed is unavailing.

 The record contains evidence of actions that reflect the necessary mens rea. Thus, the trial
court did not err by overruling the motion for an instructed verdict. The contention of error is
overruled.

 Murph also contends that the court erred in failing to grant a motion for continuance based
on the notice given concerning the enhancement allegations. Murph argues that, because the State
only gave him notice it intended to use out-of-state convictions as enhancement four days before jury
selection, (1) he did not have constitutionally adequate notice. He contends the State also declined to
actually produce a copy of the paperwork from the State of Minnesota until the punishment phase
of trial was actually beginning. 

 Murph correctly notes he was entitled to notice. (2) However, to preserve a claim that a motion
for continuance was improperly denied, a written motion for continuance must be filed. Here, no
written motion for continuance was ever presented to the trial court. Dewberry holds specifically
that a motion for continuance must be made in writing, and must be sworn; otherwise, any complaint
is forfeited. Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). 

 Although there was some discussion about the timeliness of the notice, and a statement by
counsel that he would ask for ten days' notice for an enhancement paragraph, no ruling was made
on the request. Further, Murph never presented the trial court with a written motion for continuance. 
In the absence of such written and sworn motion, no error is preserved. Id. Accordingly, the
contention now raised on appeal was not adequately presented to the trial court for decision and has
not been preserved for our review. See Tex. R. App. P. 33.1.

 We affirm the judgment.


 Jack Carter

 Justice


Date Submitted: April 2, 2007

Date Decided: April 25, 2007


Do Not Publish

1. Murph argues that only one "working day" was available after the notice. 
2. See Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997); Richardson v. State, 170
S.W.3d 855, 857 (Tex. App.--Texarkana 2005, pet. ref'd).