In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00078-CR


______________________________




PERRY WAYNE JERDEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,430-2002




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Perry Wayne Jerden appeals from his conviction on his plea of guilty pursuant to a negotiated
plea agreement. He was convicted of arson. The trial court set punishment at ten years'
imprisonment and a $2,000.00 fine, in accordance with the terms of the negotiated plea agreement. 
Jerden filed a pro se notice of appeal.

 Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended. Jerden's
notice of appeal invoking appellate jurisdiction was filed after the effective date of the amended
rules. The amended rules therefore apply to this appeal. Rule 25.2(a) was amended to read, in
pertinent part: 

 (2) . . . . A defendant in a criminal case has the right of appeal under Code
of Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order. In a plea bargain case-that is, a case in
which defendant's plea is guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant-a defendant may appeal only: 

 (A) those matters that were raised by written motion filed and ruled
on before trial, or 

 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a)(2).

 The trial court filed a certification of defendant's right of appeal in accordance with Rule
25.2(a)(2). It states that this "Is a plea-bargain case, and the Defendant has NO right of appeal."

 We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996). Jerden pled guilty, and when adjudged guilty of that crime, he
entered into a negotiated plea agreement as to punishment that the trial court did not exceed at
sentencing. Under amended Rule 25.2(a)(2), Jerden was entitled to appeal only "those matters that
were raised by written motion filed and ruled on before trial," or "after getting the trial court's
permission to appeal." The trial court certified that neither of these circumstances apply by stating
that there is no right of appeal. See Comb v. State, No. 01-03-00037-CR, 2003 WL 1090438 (Tex.
App.-Houston [1st Dist.] Mar. 13, 2003, no pet.). (1)

 We hold that we lack jurisdiction over this appeal. The appeal is dismissed.



 Jack Carter

 Justice


Date Submitted: June 26, 2003

Date Decided: June 27, 2003


Do Not Publish
1. A negotiated plea agreement by its nature incorporates a voluntary and understanding plea
of guilty, and thus its process can only be triggered when the negotiated plea agreement and guilty
plea are voluntarily and understandably made. However, in Cooper v. State, the Texas Court of
Criminal Appeals determined that an involuntary plea may be raised by a motion for new trial and
habeas corpus, but not on appeal. 45 S.W.3d 77 (Tex. Crim. App. 2001).