In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-00578-CR
          01-03-00579-CR
____________

VICTOR RAY JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 922462 and 922461



 
MEMORANDUM OPINION
               Appellant pleaded guilty to two charges of indecency with a child and, in
accordance with a plea bargain agreement with the State, the trial court deferred
adjudication and placed appellant on community supervision for seven years. The
State filed motions to adjudicate guilt to which appellant pleaded true with a plea
agreement of confinement for seven years in each case. The trial court followed these
agreements in pronouncing sentence. Appellant filed a timely pro se notice of appeal
in each case. The trial court’s certification of defendant’s right of appeal states in
each case that this “is a plea-bargain case, and the defendant has NO right of appeal.” 
See Tex. R. App. P. 25.2(d).

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

In a plea bargain case — that is, a case in which a defendant’s
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant — a defendant may appeal only:

 
(A)those matters that were raised by written motion filed and
ruled on before trial, or

 
(B)after getting the trial court’s permission to appeal.



Tex. R. App. P. 25.2(a)(2).

               Appellant pleaded guilty to the charges; he entered into a punishment
agreement with the State when he was adjudged guilty; and the trial court did not
exceed that agreement at sentencing. These appeals are therefore limited by Rule
25.2(a). Comb v. State, 101 S.W.3d 724, 725-26 (Tex. App.—Houston [1st Dist.]
2003, no pet.); see also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.—Beaumont
2003, no pet.). The trial court certified that appellant had no right to appeal. 
Therefore, none of the exceptions to Rule 25.2(a) apply.

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).