In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00652-CR

____________


ADAM A. KAMINSKY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 670312






MEMORANDUM OPINION

 Appellant pleaded guilty to aggravated sexual assault and, in accordance
with a plea bargain agreement with the State, the trial court deferred adjudication and
placed appellant on community supervision for 10 years and a fine of $1000. The
State filed a motion to adjudicate guilt to which appellant pleaded true with a plea
agreement of confinement for five years and a fine of $1000. The trial court followed
this agreement in pronouncing sentence. Appellant filed a timely pro se notice of
appeal. The trial court's certification of defendant's right of appeal states that this "is
a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P.
25.2(d).

 Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

 In a plea bargain case -- that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant -- a defendant may appeal only:


 (A) those matters that were raised by written motion filed and
ruled on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex. R. App. P. 25.2(a)(2).

 Appellant pleaded guilty to the charge; he entered into a punishment
agreement with the State when he was adjudged guilty; and the trial court did not
exceed that agreement at sentencing. This appeal is therefore limited by Rule 25.2(a). 
Comb v. State, 101 S.W.3d 724, 725-26 (Tex. App.--Houston [1st Dist.] 2003, no
pet.); see also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.--Beaumont 2003,
no pet.). The trial court certified that appellant had no right to appeal. Therefore,
none of the exceptions to Rule 25.2(a) apply.

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are denied as moot.

 It is so ORDERED.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).