In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00191-CR


______________________________




RODNEY LAMAR FOBBS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 19508




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Rodney Lamar Fobbs pled guilty to the charge of possession of a controlled substance in a
drug-free zone with intent to deliver and was sentenced to ten years' confinement. Fobbs now
attempts to appeal his conviction. Because this case involves a negotiated plea agreement and
because Fobbs does not possess the limited right to appeal available to one who appeals a plea of
guilty, we lack jurisdiction over this appeal. 

 Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended.
Appellant's notice of appeal invoking appellate jurisdiction was filed after the effective date of the
amended rules. The amended rules therefore apply to this appeal. Rule 25.2(a) was amended to
read, in pertinent part: 

 (2) . . . . A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. In a plea bargain case-that is, a case in which a defendant's plea is guilty or
nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant-a defendant may appeal only: 

 (A) those matters that were raised by written motion filed and ruled
on before trial, or 

 (B) after getting the trial court's permission to appeal. 

Tex. R. App. P. 25.2(a). The trial court filed a certification of Fobbs'right of appeal in accordance
with Rule 25.2(a)(2). It states that the case "is a plea-bargain case, and the defendant has NO right
of appeal." 

 We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996). Fobbs pled guilty, and when adjudged guilty of that crime, he
entered into a negotiated plea agreement as to punishment that the trial court did not exceed at
sentencing. Under amended Rule 25.2(a)(2), Fobbs was entitled to appeal only "those matters that
were raised by written motion filed and ruled on before trial," or "after getting the trial court's
permission to appeal." The trial court certified that neither of these circumstances apply by stating
that there is no right of appeal. See Comb v. State, 101 S.W.3d 724, 726 (Tex. App.-Houston [1st
Dist.] 2003, no pet.).

 Additionally, Fobbs failed to timely perfect his appeal by failing to timely file a notice of
appeal. See Tex. R. App. P. 26.2(a). Since Fobbs filed no motion for new trial, he had thirty days
from the date on which sentence was imposed to file his notice of appeal. See Tex. R. App. P.
26.2(a)(1). Sentence was imposed on April 23, 2003, and Fobbs filed a notice of appeal on
August 26, 2003, well beyond the time period allowed.

 For these reasons, we are without jurisdiction and, accordingly, dismiss the appeal.




 Jack Carter

 Justice


Date Submitted: September 18, 2003 

Date Decided: September 19, 2003


Do Not Publish

 



ion is whether the videotape was otherwise
admissible as an exception to the hearsay rule. In making our determination, we review
the trial court's decision to admit or exclude evidence under an abuse of discretion
standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We will not
reverse a trial court whose ruling was within the "zone of reasonable disagreement." Id.
at 102. 

 There is no hearsay exception that appears to apply to this situation. Accordingly,
we must conclude the trial court abused its discretion by admitting the videotape into
evidence and by allowing the detective to review the interview in detail for the jury. 

 The remaining question is whether this error requires reversal. In order to properly
conduct a harm analysis under Tex. R. App. P. 44.2(b), we need only determine whether
the error affected a substantial right of the defendant. To make this determination,
appellate courts must decide whether the error had a substantial or injurious effect on the
jury verdict. The very process of reaching this decision is the performance of a Rule
44.2(b) harm analysis. Llamas v. State, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000).

 We recognize that, in a case recently decided by this Court, we concluded a
videotape of a victim's testimony in similar circumstances that was considered by a jury
provided a basis for finding the improper admission of other evidence harmless. In that
case, however, there was no objection to the admission of the videotape. Josey v. State,
97 S.W.3d 687, 698 (Tex. App.-Texarkana 2003, no pet.).

 The improper admission of evidence does not constitute reversible error if the same
facts are proved by other properly admitted evidence. See Brooks v. State, 990 S.W.2d
278, 287 (Tex. Crim. App. 1999) (holding any error in admission of hearsay testimony
harmless in light of other properly admitted evidence proving same fact); Matz v. State, 21
S.W.3d 911, 912 (Tex. App.-Fort Worth 2000, pet. ref'd); Couchman v. State, 3 S.W.3d
155, 160 (Tex. App.-Fort Worth 1999, pet. ref'd). 

 In this case, even though erroneously admitted by the trial court, the videotape 
essentially repeated the previous trial testimony of the victim. Because the videotape is
cumulative of properly admitted testimony on the same issue, even though the trial court
erred in admitting the videotape, we must disregard the error because it could not have
affected Williams' substantial rights. See Tex. R. App. P. 44.2(b); Jensen v. State, 66
S.W.3d 528, 536-37 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd).

 Williams next contends the trial court erred by considering his "conviction" in
California in the sentencing phase when that conviction was not final under California law. 
However, the record reflects that, when asked to plead to the enhancement, Williams pled
"true." This is typically sufficient in itself to support a finding of a final conviction. Harvey
v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); Harrison v. State, 950 S.W.2d 419
(Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (discussing application of this concept). 
Further, there was no argument made at the time that the conviction was not final. Thus,
the issue was not preserved for appellate review. See Tex. R. App. P. 33.1.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: September 10, 2003

Date Decided: September 11, 2003


Do Not Publish

1. Article 38.071 of the Texas Code of Criminal Procedure provides that the recording
of an oral statement by a child who is younger than thirteen and a victim of certain
offenses, is admissible in evidence so long as certain prerequisites are met, one of which
is that the court finds the child is unavailable to testify at trial. Tex. Code Crim. Proc. Ann.
art. 38.071, § 1 (Vernon Supp. 2003); Carlock v. State, 99 S.W.3d 288, 292 (Tex.
App.-Texarkana 2003, no pet.) (reviewing different aspect of article).
2. At trial, Veilleux testified and the videotape was introduced by the State after the
victim had testified. 
3. The rule provides for only one outcry witness. Before more than one outcry witness
may testify, the outcry must be about different events, not simply the repetition of the same
event as related by the victim to different individuals. Broderick v. State, 35 S.W.3d 67, 73
(Tex. App.-Texarkana 2000, pet. ref'd).