In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01000-CR
____________

NATALIE REYES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 918438



 
MEMORANDUM OPINION
               Appellant pleaded guilty to possession of less than one gram of cocaine and,
in accordance with a plea bargain agreement with the State, the trial court deferred
adjudication and placed appellant on community supervision for three years. The
State filed a motion to adjudicate guilt to which appellant pleaded true with a plea
agreement of confinement in State jail for eight months. Appellant also waived her
right to appeal the adjudication. The trial court found appellant guilty of possession
of cocaine and followed the plea agreement in pronouncing sentence. Appellant filed
a timely pro se notice of appeal. The trial court’s certification of defendant’s right
of appeal states that this is a plea-bargained case, and the defendant has no right of
appeal, and further that appellant waived her right to appeal See Tex. R. App. P.
25.2(d).

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

In a plea bargain case — that is, a case in which a defendant’s
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant — a defendant may appeal only:

 
(A)those matters that were raised by written motion filed and
ruled on before trial, or

 
(B)after getting the trial court’s permission to appeal.



Tex. R. App. P. 25.2(a)(2).

               Appellant pleaded guilty to the charge of possession of a controlled
substance; she entered into a punishment agreement with the State when she was
adjudged guilty; and the trial court did not exceed that agreement at sentencing. This
appeal is therefore limited by Rule 25.2(a). Comb v. State, 101 S.W.3d 724, 725-26
(Tex. App.—Houston [1st Dist.] 2003, no pet.); see also Teel v. State, 104 S.W.3d
266, 267-68 (Tex. App.—Beaumont 2003, no pet.). The trial court certified that
appellant had no right to appeal. Therefore, none of the exceptions to Rule 25.2(a)
applies.

               In addition, appellant waived her right to appeal the judgment adjudicating
guilt. See Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001,
no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).