In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01149-CR
____________

AMANDA LANEACE HOWARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 882116



 
MEMORANDUM OPINION
               Appellant pleaded guilty to forgery of a commercial instrument and, in
accordance with a plea bargain agreement with the State, the trial court deferred
adjudication and placed appellant on community supervision for two years. The State
filed a motion to adjudicate guilt to which appellant pleaded true with a plea
agreement of confinement in state jail for 10 months. The trial court followed this
agreement in pronouncing sentence. Appellant filed a timely pro se notice of appeal.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after getting the trial court’s permission to
appeal. Tex. R. App. P. 25.2(a)(2).

               Appellant pleaded guilty to the charge; she entered into a punishment
agreement with the State when she was adjudged guilty; and the trial court did not
exceed that agreement at sentencing. This appeal is therefore limited by Rule 25.2(a). 
Comb v. State, 101 S.W.3d 724, 725-26 (Tex. App.—Houston [1st Dist.] 2003, no
pet.); see also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.—Beaumont 2003,
no pet.). The trial court’s certification of appellant’s right to appeal states that this
is a plea-bargained case, and appellant has no right to appeal. See Tex. R. App. P.
25.2(d).

               We also note that appellant affirmatively waived the right to appeal from
the adjudication if the trial court followed the plea agreement. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Appellant initialed
this written admonishment:

I ask the Court to accept this plea bargain agreement and
understand that if the punishment assessed does not exceed this
recommendation, the court will not give me permission to appeal. 
I hereby give up any and all rights that I may have to appeal this
case, including any right that I may have to file a motion for new
trial.



               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).