In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01256-CR
____________

ROBERT PEREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 821474



 
MEMORANDUM OPINION
               Appellant pleaded guilty to robbery and, in accordance with a plea bargain
agreement with the State, the trial court deferred adjudication and placed appellant
on community supervision for five years. The State filed a motion to adjudicate guilt
to which appellant pleaded true with a plea agreement of confinement for six years. 
The trial court followed this agreement in pronouncing sentence. Appellant filed a
timely pro se notice of appeal.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after getting the trial court’s permission to
appeal. Tex. R. App. P. 25.2(a)(2).

               Appellant pleaded guilty to the charge; he entered into a punishment
agreement with the State when he was adjudged guilty; and the trial court did not
exceed that agreement at sentencing. This appeal is therefore limited by Rule 25.2(a). 
Comb v. State, 101 S.W.3d 724, 725-26 (Tex. App.—Houston [1st Dist.] 2003, no
pet.); see also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.—Beaumont 2003,
no pet.). The trial court’s certification of defendant’s right of appeal states that this
is a plea-bargained case, and the defendant has no right of appeal. See Tex. R. App.
P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).