In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00947-CR
          01-04-00952-CR
____________

MICHAEL ANTONIO DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 843482 and 983806




MEMORANDUM OPINION
               Appellant, Michael Antonio Davis, pleaded guilty to the offense of theft of
property having a value of $200,000 or more in cause number 843482 on June 4,
2001. In accordance with the plea bargain agreement, the trial court deferred
adjudication of guilt, placed appellant on community supervision for 10 years, and
assessed a $3000 fine.

               On April 9, 2004, a criminal complaint was filed against appellant, charging
him with aggravated sexual assault, in cause number 983806. The State filed a
motion to adjudicate guilt in cause number 843482 on April 15, 2004. A grand jury
returned an indictment in cause number 983806 on July 8, 2004.

               On August 27, 2004, appellant entered into a plea bargain agreement with
the State, pleading true to the State’s motion to adjudicate guilt in cause number
843482 and guilty to aggravated sexual assault in cause number 983806 in exchange
for a sentence of 20 years in each case. The trial court found appellant guilty in each
case and assessed punishment at confinement for 20 years.


 Appellant filed a timely
pro se notice of appeal that included both cause numbers.

               In each case, the trial court’s certification of the right to appeal states that
these are plea-bargained cases and the appellant has no right to appeal. Because the
certifications are true and supported by the record, we must dismiss both appeals for
want of jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). Both of these appeals are limited by this rule. 

               In both cases, appellant pleaded guilty to the charge, entered into a plea
bargain agreement with the State as to punishment, and the trial court did not exceed
that agreement at sentencing. Appellant could therefore appeal only those matters
that were raised by written motion filed and ruled on before trial, or after obtaining
the trial court’s permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Comb
v. State, 101 S.W.3d 724, 725-26 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see
also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.—Beaumont 2003, no pet.).

               The trial court’s certifications do not state that appellant was appealing from
the denial of pretrial written motions or that he had the court’s permission to appeal. 
We must dismiss an appeal if the trial court’s certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).