In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-01042-CR
          01-04-01043-CR
____________

CRAIG AARON SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 994245 and 908114




MEMORANDUM OPINION
               Appellant, Craig Aaron Smith, pleaded guilty to the offense of attempting
to obtain a controlled substance through a fraudulent prescription in cause number
908114 on September 25, 2002. In accordance with the plea bargain agreement, the
trial court deferred adjudication of guilt, placed appellant on community supervision
for three years, and assessed a $500 fine.

               On July 14, 2004, a criminal complaint was filed against appellant, charging
him with attempting to possess a controlled substance through the use of a fraudulent
prescription in cause number 994245. The State filed a motion to adjudicate guilt in
cause number 908114 on July 26, 2004.

               On August 25, 2004, appellant entered into a plea bargain agreement with
the State, pleading true to the State’s motion to adjudicate guilt in cause number
908114 and guilty to attempting to possess a controlled substance through the use of
a fraudulent prescription in cause number 994245 in exchange for a sentence of four
years’ confinement in each case and a $500 fine in cause number 908114, with the
sentences to run concurrently. The trial court found appellant guilty in both cases and
assessed punishment at confinement for four years, and a fine of $500 in cause
number 908114, the sentences to run concurrently. Appellant filed a timely pro se
notice of appeal in each case.

               The trial court’s certifications of the right to appeal state that these are plea-bargained cases and appellant has no right to appeal. Because the certifications are
true and supported by the record, we must dismiss for want of jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). Both of these appeals are limited by this rule. 

               In both cases, appellant pleaded guilty to the charge, entered into a plea
bargain agreement with the State as to punishment, and the trial court did not exceed
that agreement at sentencing. Appellant could therefore appeal only those matters
that were raised by written motion filed and ruled on before trial, or after obtaining
the trial court’s permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Comb
v. State, 101 S.W.3d 724, 725-26 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see
also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.—Beaumont 2003, no pet.).

               The trial court’s certifications do not state that appellant was appealing from
the denial of pretrial written motions or that he had the court’s permission to appeal. 
We must dismiss an appeal if the trial court’s certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for want of jurisdiction. All pending
motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).