In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00878-CR
          01-04-00879-CR
____________

JOSE ARMANDO ESCAMILLA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 962954 and 939813



 
MEMORANDUM OPINION
               Appellant, Jose Armando Escamilla, pleaded guilty to the offense of
indecency with a child in cause number 939813 on February 20, 2003. In accordance
with a plea bargain agreement, the trial court deferred adjudication of guilt, placed
appellant on community supervision for eight years, and assessed a fine of $500..

               On September 26, 2003, the State filed, in cause number 962954, a criminal
complaint against appellant, accusing him of the offense of failure to comply with
sexual registration requirements. The State then filed a motion to adjudicate guilt in
cause number 939813 on October 1, 2003.

               On July 16, 2004, appellant entered into plea bargain agreements with the
State. He pleaded true to the allegations in the State’s motion to adjudicate guilt in
cause number 939813 in exchange for the State’s recommended sentence of
confinement for seven years and a $500 fine. He pleaded guilty in cause number
962954 in exchange for the State’s recommended sentence of 180 days in state jail. 
The trial court found appellant guilty in both cases and assessed punishment in
accordance with the plea agreements. Appellant filed a timely pro se notice of appeal
in both cause numbers.

               The trial court’s certifications of the right to appeal state that these are plea-bargained cases and appellant has no right to appeal. Because the certifications are
supported by the record, we must dismiss both appeals for want of jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). Both of these appeals are limited by this rule. 

               In both cases, appellant pleaded guilty to the charge, entered into a plea
bargain agreement with the State as to punishment, and the trial court did not exceed
that agreement at sentencing. Appellant could therefore appeal only those matters
that were raised by written motion filed and ruled on before trial, or after obtaining
the trial court’s permission to appeal. Griffin v. State,145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Comb
v. State, 101 S.W.3d 724, 725-26 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see
also Teel v. State, 104 S.W.3d 266, 267-68 (Tex. App.—Beaumont 2003, no pet.).

               The trial court’s certifications do not state that appellant was appealing from
the denial of pretrial written motions or that he had the court’s permission to appeal. 
We must dismiss an appeal if the trial court’s certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

               All pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).