In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00020-CR
______________________________


BUNNY RAY MARTIN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 337th Judicial District Court
Harris County, Texas
Trial Court No. 998116


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          Bunny Ray Martin appeals from his aggravated assault conviction on his plea of
guilty under a plea agreement. The trial court set punishment at ten years' imprisonment,
in accordance with the terms of the plea agreement. The trial court filed a certification of
Martin's right of appeal in accordance with Rule 25.2(a)(2) of the Texas Rules of Appellate
Procedure, stating that this "is a plea-bargain case, and the defendant has NO right of
appeal." See Tex. R. App. P. 25.2(a)(2). 
          We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996). Martin entered into a plea agreement that the
trial court did not exceed at sentencing. Under Rule 25.2(a)(2), Martin was entitled to
appeal only "those matters that were raised by written motion filed and ruled on before trial"
or "after getting the trial court's permission to appeal." Neither of those conditions appear,
and the trial court certified that Martin has no right of appeal. See Comb v. State, 101
S.W.3d 724, 725 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
          We are also without jurisdiction to consider the voluntariness of Martin's plea. In
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001), the Texas Court of Criminal
Appeals held that Tex. R. App. P. 25.2(a)(2)(B) restricted a defendant from appealing the
voluntariness of his or her plea without the trial court's permission. Id. at 79. The record
does not show that Martin has the trial court's permission to appeal the voluntariness of his
plea. Consequently, we are without jurisdiction to consider that issue.



          We dismiss the appeal for want of jurisdiction.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 2, 2005
Date Decided:         March 3, 2005

Do Not Publish




another reason.

(2) Means Has Failed to Prove Either (a) that Limitations Expired on the Event Originally
Charged or (b) that the Indictment Was Dismissed Because it Had Been Based on "Mistake,
False Information, or . . . Similar Reason Indicating the Absence of Probable Cause at the
Time of the Dismissal"

 It is also challenged that Means did not comply with Article 55.01(a)(2)(A). That
subparagraph has two alternative elements that can be proven by an expungement claimant,
alternatives that are set out in parts (i) and (ii) under subparagraph (A). We conclude that Means has
proven neither alternative.

 (a) No Proof that Limitations Expired

 One alternative proof element is that limitations had expired on the charged offense. Tex. 
Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i). The statute of limitations for the offense of
indecency with a child expires ten years after the victim's eighteenth birthday. Tex. Code Crim.
Proc. Ann. art 12.01(5)(A) (Vernon Supp. 2008). Nothing in the record before us fixes the age
of the alleged victim at the time of the indicted offense. The indictment alleges that Means
committed the offense of indecency with a child on or about May 18, 1989, and that the victim was
at the time a child of seventeen years or less. It provides, however, no further detail on the extent
to which the child was less than seventeen years old. And that lack of detail in the record is fatal to
any claim that this element was proven. If, for example, the victim had been five years old in May
1989, the limitations period would not run until sometime in 2012. Based on the record before us,
Means did not prove that the limitations period had run on the indicted offense.

 (b) No Proof that Indictment's Dismissal Was Due to Mistake, False Information, or
Other Lack of Probable Cause

 The other alternative element required proof that the indictment was originally presented
to the grand jury "because of mistake, false information, or other similar reason indicating absence
of probable cause at the time of the dismissal to believe [Means] committed the offense . . . . " See
Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). Means claims that this element was proven
with the State's stated reason to dismiss the indictment approximately four months later, that is, that
the "[v]ictim cannot remember the indecency part of the Indictment." We disagree.

 We find no authority to support Means' contention that the State's reason for dismissal, that
the victim could not remember, amounts to the prosecution having been dismissed because of
mistake, false information, or other indications of lack of probable cause at the time of dismissal. 
The cases cited by Means do not advance his argument.

 Means cites Harris County District Attorney's Office v. M.G.G., but the case specifically
states that a finding of insufficient evidence does not, alone, support an expunction. Harris County
Dist. Attorney's Office v. M.G.G., 866 S.W.2d 796, 798-99 (Tex. App.--Houston [14th Dist.] 1993,
no writ). In M.G.G., the State moved to dismiss the indictment before a hearing on the defendant's
motion to suppress; the State acknowledged a lack of probable cause to support M.G.G.'s arrest. Id.
at 797. The M.G.G. court found that, even if there was not admissible evidence to support a
conviction, such lack of admissible evidence had no bearing on whether there was probable cause
to indict, and the record contained "no evidence supporting the trial court's finding that the
indictment was dismissed 'because of mistake, false information, or other similar reason indicating
absence of probable cause at the time of dismissal to believe the person committed the offense.'" Id.
at 799 (citations omitted).

 The other two cases cited by Means come somewhat closer to supporting the position he
advances, yet both are distinguishable. The trial court in Metzger v. Houston Police Department
found the three-year-old child victim incompetent to testify, and the State then moved to dismiss the
case. Metzger v. Houston Police Dep't, 846 S.W.2d 383 (Tex. App.--Houston [14th Dist.] 1992,
writ denied). In Metzger, the prosecutor testified at length that, while she did not believe a
conviction could be had without the child's testimony, she still believed there was probable cause
to believe Metzger had committed the offense. The prosecutor detailed the evidence presented to
the grand jury and explicitly stated her motion to dismiss was not based on any belief that the
indictment was presented due to mistake, false information, or any other circumstances which would
call into question probable cause to believe the defendant had committed the offense. Metzger
presented witnesses who claimed that several of the State's witnesses either lied or presented forged
documents to the grand jury, or falsified reports. Id. at 384. Metzger presented neither evidence that
the State had reason to believe any evidence it presented to the grand jury was false, nor any proof
that the State moved to dismiss the indictment because it thought the case had been presented based
on false information indicating a lack of probable cause at the time of the dismissal to believe
Metzger had committed the crime. Id. The appellate court affirmed the trial court's denial of the
expunction, finding there was no evidence that the State's motion to dismiss was based on anything
other than the trial court's ruling that the child victim was not competent to testify at trial. Id. at 385.

 Harris County District Attorney's Office v. Hobson comes slightly closer to Means' position. 
See Harris County Dist. Attorney's Office v. Hobson, 880 S.W.2d 1 (Tex. App.--Houston [14th
Dist.] 1994, no writ). In Hobson, the mentally retarded victim of an alleged sexual assault could not
identify Hobson as her assailant. There was no medical evidence supporting the indictment, and
apparently the State presented no witnesses to the grand jury. The prosecutor testified "that she did
not dismiss the indictment because she believed false information was presented to the grand jury
or that the grand jury was mistaken in finding probable cause. She also stated that at the time of
dismissal she believed there was probable cause that appellee committed the offense." Id. at 2. 
There was no record that anything other than the State's file was presented to the grand jury. When
the victim subsequently was unable to identify the defendant, and there was no evidence she had ever
been able to identify him, Hobson effectively met his burden of proof: (3) "if the grand jury was told
that the complaining witness could identify appellee, and it proved later that in actuality she could
not, the presentment was made based on mistake or false information." Id. at 4.

 Here, the record contains no information on whether there was other evidence which
supported the initial indictment or whether the victim previously made a statement or remembered
the circumstances supporting the initial allegation. There is nothing in the record to indicate Means
carried his burden of proving his right to an expunction. Because the instant record is not adequately
developed to the extent of the above-cited cases, we do not believe that the single statement, "Victim
cannot remember the indecency part of the Indictment," establishes either that there was no probable
cause at the time of the indictment's dismissal or that the indictment was presented based on mistake
or false information. See Tex. Dep't of Pub. Safety v. Collmorgen, No. 14-06-00478-CV, 2007 Tex.
App. LEXIS 2174, at *4-5 (Tex. App.--Houston [14th Dist.] Mar. 22, 2007, no pet.) (mem. op.)
("Both the clear language of the statute and cases interpreting the statute dictate that the petitioner
must assert evidence showing that the indictment was based on a mistake or false information. If
the prosecutor dismisses simply because he believes he has insufficient evidence to convict, that is
not mistake or false information.").

 For two independent reasons, we hold that the trial court did not abuse its discretion in
denying Means' petition for expungement.

 We affirm.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 19, 2009

Date Decided: June 3, 2009


1. The indictment at issue was returned in July 1989. It alleged Means committed the offense
of indecency with a child on or around May 18, 1989, with a child who was at the time younger than
seventeen years of age. The record before us has no more specific indication of the alleged victim's
age.
2. There is no suggestion that subparagraph (B) is in question in Means' effort to have his
record expunged.
3. The parties stipulated that subparagraphs (B) and (C) had been satisfied by Hobson.