In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00112-CV


______________________________





IN RE: BILLY RAY JOHNSON,


BY AND THROUGH NEXT FRIEND, LUE WILSON








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Relator, Billy Ray Johnson, by and through next friend Lue Wilson, has filed in this Court
a petition for writ of mandamus seeking review of the trial court's earlier appointment of a guardian
ad litem for Johnson. His petition also contained a request for emergency relief which we deemed
a motion to stay proceedings, including a hearing scheduled for October 10, 2008. We denied that
motion and directed Johnson to supplement the record in this matter with the orders resulting from
the October 10, 2008, hearing.

 Johnson's counsel notified this Court of the events of the October 10 hearing, explaining that
the orders are not yet available. Counsel represented that the parties reached a settlement of the
controversies among them and that, as a result of the settlement agreement, the order appointing the
guardian ad litem will be dissolved. We take these representations by counsel as facts that render
moot the issues presented in the petition for writ of mandamus concerning the appointment of the
guardian ad litem. 

 Accordingly, we dismiss as moot Johnson's petition for writ of mandamus.



 Jack Carter

 Justice


Date Submitted: October 21, 2008

Date Decided: October 22, 2008




circumstances apply by stating that there is no right of appeal. See Comb v. State, 101
S.W.3d 724, 726 (Tex. App.-Houston [1st Dist.] 2003, no pet.).

 Additionally, Fobbs failed to timely perfect his appeal by failing to timely file a notice
of appeal. See Tex. R. App. P. 26.2(a). Since Fobbs filed no motion for new trial, he had
thirty days from the date on which sentence was imposed to file his notice of appeal. See
id. Sentence was imposed April 25, 2003, and Fobbs filed a notice of appeal August 26,
2003, well beyond the time period allowed.


 For these reasons, we hold we are without jurisdiction and, accordingly, dismiss the
appeal.


 Donald R. Ross

 Justice


Date Submitted: September 18, 2003

Date Decided: September 19, 2003


Do Not Publish

1. This sentence is to be consecutive to the sentence imposed in cause number
19508 in which Fobbs was sentenced to ten years' confinement for possession of a
controlled substance in a drug-free zone with intent to deliver.