IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00404-CR

 

In
re terrance brunson

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

The petition for writ of mandamus is denied.

 

BILL VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

Justice Vance and

            Justice
Reyna

(Chief Justice Gray dissents.  A
separate opinion will not issue.  He notes, however, that we should direct
Brunson to the procedural deficiencies in his mandamus petition and if they are
corrected then request a response.)

Petition
denied

Opinion
delivered and filed November 26, 2008

Do
not publish

[OT06]






14pt">     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2002-306-C
                                                                                                                

O P I N I O N
                                                                                                                

      James Tyrone Walker pleaded guilty to credit card abuse. Pursuant to a plea bargain, the
court sentenced him to ten years’ imprisonment. Walker timely filed a pro se notice of appeal.
      The trial court’s certification regarding Walker’s right of appeal states, “[T]he defendant has
waived the right of appeal.” Rule of Appellate Procedure 25.2(d) provides in pertinent part, “The
appeal must be dismissed if a certification that shows the defendant has the right of appeal has not
been made a part of the record under these rules.” Tex. R. App. P. 25.2(d).
      The trial court’s certification affirmatively shows that Walker has no right of appeal. Two
courts of appeals have concluded that such a certification is “defective” and the parties should be
given thirty days to cure it under Rule 37.1.


 Daniels v. State, No. 04-03-176-CR, slip op. at 4-5,
2003 WL 21011277, at *2 (Tex. App.—San Antonio May 7, 2003, order); Teel v. State, No. 09-03-040-CR, slip op. at 2, 2003 WL 1848662, at *1 (Tex. App.—Beaumont Apr. 10, 2003, no pet.
h.).
      Two other courts of appeals notify the appellant that the appeal is subject to dismissal unless
the appellant shows grounds for continuing the appeal. Smith v. State, No. 12-03-079-CR, 2003
WL 1883467, at *1 (Tex. App.—Tyler Apr. 16, 2003, no pet. h.) (not designated for publication);
Hasty v. State, No. 02-03-021-CR, 2003 WL 1784664, at *1 (Tex. App.—Fort Worth Apr. 3,
2003, no pet. h.) (not designated for publication). These courts do not expressly characterize a
certification as “defective” if it states that the defendant has no right of appeal. Thus, they do not
invoke the provisions of Rule 37.1.


 See id.
      Four other courts of appeals take the trial court’s certification that the defendant has no right
of appeal at face value and dismiss the appeal. Hynson v. State, No. 05-03-085-CR, 2003 WL
1995143, at *1 (Tex. App.—Dallas May 1, 2003, no pet. h.) (not designated for publication);
Aguilar v. State, No. 14-03-346-CR, 2003 WL 1922509, at *1 (Tex. App.—Houston [14th Dist.]
Apr. 24, 2003, no pet. h.) (not designated for publication); Harris v. State, No. 01-03-114-CR,
2003 WL 1849186, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet. h.) (not
designated for publication); Smith v. State, No. 11-03-067-CR, 2003 WL 1393983, at *1 (Tex.
App.—Eastland Mar. 20, 2003, no pet. h.) (not designated for publication).
      We agree with the latter four courts cited hereinabove that a certification of the defendant’s
right of appeal is not “defective” if it affirmatively indicates that the defendant has no right of
appeal. The form certification promulgated by the Court of Criminal Appeals expressly provides
for this type of certification. See Tex. R. App. P. 25.2 app. (Vernon 2003). Thus, “correction”
of such a certification under Rule 37.1 is not warranted. Cf. id. 37.1.
      We likewise agree with the latter four courts cited above that we should take a trial court’s
certification that a defendant has no right of appeal at face value. We decline to employ Rule 44.3
because this rule applies only when there are “formal defects or irregularities.” Tex. R. App. P.
44.3. As stated, a certification which affirmatively states that a defendant has no right of appeal
is not “defective,” nor is it “irregular.”
      The trial court has certified that Walker waived the right of appeal. Walker and his attorney
personally signed the trial court’s certification. Accordingly, we dismiss the appeal. Id. 25.2(d);
see also Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (“a valid waiver of
appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the
consent of the trial court.”).
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed May 28, 2003
Publish
[CR25]